IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an Illinois corporation<br><br>Plaintiff,<br><br>v.<br><br>HIRSCH PRESENTATION SYSTEMS USA, INC., a New Jersey corporation<br><br>Defendant. | Case No. 07 CV 6301 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HIRSCH PRESENTATION SYSTEMS USA, INC., by and through its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### I.  JURISDICTION AND PARTIES

A. Plaintiff is an Illinois corporation, with its principal place of business at 3174 Doolittle Drive, Northbrook, IL 60062 where it is engaged in the business of personalized mailing and project management.

> **ANSWER**:  Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph IA of Plaintiff's Complaint, and therefore denies them.

B. Defendant is a New Jersey corporation, with its principal place of business at 115 River Road, Suite 821, Edgewater, NJ 07020, and is engaged in the business of the manufacture and sale of liquid filled products for the promotional and advertising industries.

>   **ANSWER**: Defendant admits the allegations contained in Paragraph IB of Plaintiff's Complaint.

C. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) and is civil in nature involving exclusive of interest and costs, sum in excess of $75,000.00. Venue is pursuant to 28 U.S.C. § 1391(a)(2).

>   **ANSWER**: Defendant denies the allegations contained in Paragraph IC of Plaintiff's Complaint.

## II. FIRST CLAIM FOR RELIEF

A. Prior to April 1, 2007, the parties entered into a contract by which defendant was to provide plaintiff 15,000 liquid filled travel logs by April 19, 2007. The liquid filled travel logs were to be ultimately provided to Abelson-Taylor, Inc. and Shire Pharma as a timed sales tool for its drug Pentasa. Plaintiff has for many years provided custom ad-specialty products for Pentasa through its long term client Abelson-Taylor, Inc., a pharmaceutical advertising agency.

>   **ANSWER**: Defendant denies that the parties entered into a contract by which defendant was to provide plaintiff 15,000 liquid filled travel logs by April 19, 2007. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph IIA of Plaintiff's Complaint, and therefore denies them.

B. Defendant has breached its contract with the plaintiff by:

(1) late delivery of damaged products;

(2) delivery of defective product not in accordance with required specifications;

(3) delivery of leaky travel logs.

> **ANSWER**: Defendant denies the allegations contained in Paragraph IIB of Plaintiff's Complaint.

C. Plaintiff immediately notified defendant of its breaches but defendant failed to take any action to remedy said breaches.

> **ANSWER**: Defendant denies the allegations contained in Paragraph IIC of Plaintiff's Complaint.

D. As the result plaintiff has suffered direct and consequential damages from defendant's breaches of at least $250,000.00 including but not limited to advance payments to defendant, freight charges, additional packaging fees incurred, deductions by Abelson-Taylor, Inc, and the loss of Shire Pharma as a customer.

> **ANSWER**: Defendant denies the allegations contained in Paragraph IID of Plaintiff's Complaint.

### III. SECOND CLAIM FOR RELIEF

A. Plaintiff repeats and realleges Paragraphs IIA and IIB.

> **ANSWER**: Defendant repeats and realleges its Answers to Paragraphs IIA and IIB.

B. Defendant expressly and impliedly warranted that the liquid filled travel logs sold by it were merchantable and fit for the purpose intended.

> **ANSWER**: Defendant denies the allegations contained in Paragraph IIIB of Plaintiff's Complaint.

C. Plaintiff relying on said warranties purchased the liquid filled logs from the defendant.

>   **ANSWER**: Defendant denies the allegations contained in Paragraph IIIC of Plaintiff's Complaint.

D. The liquid filled travel logs were in fact defective and were neither merchantable or fit for the purpose intended.

>   **ANSWER**: Defendant denies the allegations contained in Paragraph IIID of Plaintiff's Complaint.

E. The plaintiff notified defendant of the defects in the logs but defendant failed to take any action to remedy said defect(s).

>   **ANSWER**: Defendant denies the allegations contained in Paragraph IIIE of Plaintiff's Complaint.

F. As the result of defendant's breach of its warranties of merchantability and fitness for purpose, plaintiff has suffered direct and consequential damages of at least $250,000.00.

>   **ANSWER**: Defendant denies the allegations contained in Paragraph IIIF of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
#### (Failure to State a Claim)

As a first affirmative defense, Defendant asserts that the Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense
#### (Failure to Mitigate Damages)

As a second affirmative defense, Defendant asserts that Plaintiff failed to mitigate the damages allegedly suffered as a result of the acts referred to in its Complaint. Plaintiff is,

therefore, barred from recovering said damages which could have been mitigated by reasonable actions on its part.

### Third Affirmative Defense
### (Estopple)

As a third affirmative defense, Defendant asserts that having caused or contributed to the purported damages referred to in the Complaint, Plaintiff is equitably estopped from seeking relief herein.

### Fourth Affirmative Defense
### (Waiver)

As a fourth affirmative defense, Defendant asserts that Plaintiff has waived any and all claims that it may have or have had against Defendant.

### Fifth Affirmative Defense
### (Unclean Hands)

As a fifth affirmative defense, Defendant asserts that Plaintiff's claims for relief are barred by Plaintiff's unclean hands, including failure to do equity.

### Sixth Affirmative Defense
### (Acts of Others)

As a sixth affirmative defense, Defendant asserts that if Plaintiff sustained any damages or losses, which this Defendant continues to deny, said damages or losses have been brought about and caused wholly and solely by reason of the acts, breaches, negligence and conduct of Plaintiff, and/or others, and without any breach, negligence or other unlawful or wrongful conduct whatsoever on the part of this Defendant, and as a result and consequence thereof, Plaintiff is barred from relief or recovery herein against this Defendant.

### Seventh Affirmative Defense
### (Statute of Frauds)

As a seventh affirmative defense, Defendant asserts that Plaintiff's claims are barred by reason of the Statute of Frauds.

### Eighth Affirmative Defense
### (Laches)

As a eighth affirmative defense, Defendant asserts that Plaintiff is barred from any recovery against this Defendant by reason of the doctrine of laches, and plaintiff's undue delay in giving notice to this Defendant.

### Ninth Affirmative Defense
### (Intervening of Superseding Cause)

As a ninth affirmative defense, Defendant asserts that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

### Tenth Affirmative Defense
### (Ratification/Consent)

As a tenth affirmative defense, Defendant asserts that Plaintiff ratified and/or consented to the actions and/or non-actions of the Defendant, about which it now complains, and that this ratification occurred after Plaintiff was fully informed of the consequences of the aforesaid actions.

### Eleventh Affirmative Defense
### (Causation)

As a eleventh affirmative defense, Defendant asserts that the alleged acts or omissions that are generally and specifically denied herein, did not constitute a legal and/or proximate

cause of any loss allegedly sustained by Plaintiff, which loss is also generally and specifically denied by this Defendant.

### Twelth Affirmative Defense
### (Unforeseeable)

As a twelfth affirmative defense, Defendant asserts that it had no knowledge of Plaintiff's intended use of the material sold to Plaintiff. Accordingly, the claimed incidental/consequential damages were not foreseeable.

### Thirteenth Affirmative Defense
### (Additional Affirmative Defenses)

As a thirteenth affirmative defense, Defendant asserts that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates they would be appropriate.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by its complaint on file herein;
2. For attorneys' fees to the extent allowed by law;
3. For costs of suit; and
4. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

HIRSCH PRESENTATION SYSTEMS USA, INC.


By:　/s/James D. Ellman
　　　　One of its Attorneys

        James D. Ellman
        Scopelitis, Garvin, Light, Hanson & Feary, P.C.
        30 West Monroe Street, Suite 600
        Chicago, Illinois 60603
        Telephone: (312) 255-7200
        Facsimile:  (312) 422-1224

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 17, 2007, I electronically filed the ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

    Jordan B. Reich, Esq.
    Renee Mehl
    Kohner, Mann & Kailas, S.C.
    Washington Building
    Barnabas Business Center
    4650 North Port Washington Road
    Milwaukee, WI 53212-1059


DATED:  December 17, 2007

                                          /s/ James D. Ellman