.UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an Illinois corporation,<br><br>      Plaintiff,<br><br> vs.<br><br>HIRSCH PRESENTATION SYSTEMS USA, INC., a New Jersey corporation,<br><br>    Defendant and Third-Party<br>    Plaintiff,<br><br> vs.<br><br>HIRSCH BRACELET (HK) LTD., a Hong Kong Private Limited Company and SCHENKER, INC., a New York corporation,<br><br>     Third-Party Defendants. | CASE NO. 07 CV 6301<br><br>THIRD-PARTY COMPLAINT |

NOW COMES, Third-Party Plaintiff Hirsch Presentation Systems USA, Inc. ("Hirsch" or "Third-Party Plaintiff"), and hereby complains against Hirsch Bracelet (HK) Ltd., a Hong Kong Private Limited Company ("HK") and Schenker, Inc., a New York Corporation ("Schenker") (collectively "Third-Party Defendants"), as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on 28 U.S.C. §1367(a). This Court has the power to exercise supplemental subject matter jurisdiction here because Hirsch's third-party claims against the Third-Party Defendants share a common nucleus of operative fact with The Direct Response Resource Inc.'s ("DRR") claims against Hirsch, such that these claims are part of the same case or controversy. Hirsch's Third-Party Complaint does not raise novel or complex issues of State law and does not substantially predominate over DRR's claims. This Court has not dismissed all claims over which it has original jurisdiction and there are no other compelling reasons for declining jurisdiction.

2. Personal jurisdiction is based on the Illinois long-arm statute, 735 ILCS 5/2-209. The Third-Party Defendants have minimum contacts with Illinois and exercise of personal jurisdiction does not offend due process.

3. Venue is proper in this District and Court pursuant to 28 U.S.C. §1391(a) and (c) because a substantial part of the events giving rise to this action or a substantial part of the property that is subject to this action is situated in this District and because the Third-Party Defendants are subject to personal jurisdiction in this District.

## PARTIES

4. Hirsch is a New Jersey Corporation with its principal place of business in New Jersey. Hirsch is in the business of selling customized marketing materials, including the Liquid Filled Notebooks at issue here, to clients in the United States.

5. HK is a Hong Kong Private Limited Company with is principal place of business at 161 Wai Yip Street, 13th Floor, Kwun Tong, Kowloon, Hong Kong. HK acted as Hirsch's purchasing and manufacturing agent in Hong Kong, overseeing all aspects of the design, implementation, manufacture and shipment to the United States of the Liquid Filled Notebook order at issue here.

6. Schenker is a New York Corporation with a principal place of business in Freeport, New York. Schenker is one of the world's leading providers of integrated logistics services, providing land transport, air and sea freight as well as international freight forwarding services. Hirsch hired Schenker to provide freight forwarding services to get HK's Liquid Filled Notebooks transported to DRR in Illinois.

## THE AGREEMENTS

7. On or about March 6, 2007, Hirsch entered into an agreement with HK in which HK agreed to design, manufacture and ship 15,000 Liquid Filled Notebooks to Hirsch's client, DRR in Illinois, in exchange for monetary consideration.

8. On or about April 18, 2007, DRR specified via email that the 15,000 Liquid Filled Notebooks need to contain a back cover that was glossy on both sides. HK was aware of DRR's specification as it expressly agreed via email on April 19, 2007 to print back covers that were glossy on both sides.

9. On or about May 16, 2007, Hirsch entered into an agreement with Schenker in which Schenker agreed to pick up the Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois in exchange for monetary consideration. At or around that time, Schenker agreed to insure the Liquid Filled Notebooks for any damage caused during transit.

10. On May 31, 2007, Schenker delivered HK's Liquid Filled Notebooks to DRR in Chicago, Illinois. But, when HK's shipment arrived, several boxes were wet and crushed. In total,

approximately 10% of the 15,000 HK Liquid Filled Notebooks arrived in Illinois leaking or otherwise damaged or defective.

11. Additionally, HK did not produce the order as specified in the parties' agreement — none of the 15,000 Liquid Filled Notebooks contained a glossy back cover as ordered.

12. On November 6, 2007, DRR filed a complaint against Hirsch for breach of contract and breach of warranty because HK's Liquid Filled Notebooks arrived defective and were not delivered as specified.

## COUNT I

### (Implied Indemnity Against All Third-Party Defendants)

13. Hirsch refers to and incorporates by reference paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages ("DRR Complaint"). Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth.

15. Third-Party Plaintiff Hirsch denies, and continues to deny, any liability arising out of DRR's Complaint. If, however, it is found that Hirsch is responsible under the law to DRR, then Hirsch is informed and believes, and upon such information and belief alleges that the Third-Party Defendants were the sole cause of injury alleged in the DRR Complaint, and caused the damages alleged.

16. Third-Party Plaintiff Hirsch is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending said DRR Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Hirsch will seek leave of court to amend this Third-Party Complaint to set forth the true nature and amount of said costs and expenses.

17. If Hirsch is held liable and responsible to DRR for damages as alleged in the DRR Complaint, it will be solely due to the conduct of the Third-Party Defendants, and each of them, as herein alleged. Therefore, Hirsch is entitled to be indemnified by said Third-Party Defendants, and each of them should such liability arise.

18. If Hirsch is held liable or responsible to DRR for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of Third-Party Defendants, and each of them.

19. Hirsch is entitled to complete indemnification by said Third-Party Defendants, and each of them, for any sum or sums for which Hirsch may be adjudicated liable to DRR, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

## COUNT II

### (Breach of Contract Against All Third-Party Defendants)

20. Hirsch refers to and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and HK whereby HK agreed to deliver 15,000 Liquid Filled Notebooks to DRR, which are the subject of DRR's Complaint.

22. At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and Schenker whereby Schenker agreed to pick up the 15,000 Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois. The Schenker agreement also specified that Schenker would insure the Liquid Filled Notebooks for all damages caused during transit.

23. Hirsch has fully performed all conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of the contracts.

24. In the event that DRR is able to show that the Liquid Filled Notebooks were not delivered as specified, the Third-Party Defendants have breached their agreements with Hirsch.

25. In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered as specified, Hirsch has been damaged by the Third-Party Defendants' breach in an amount to be proven at trial including, but not limited to, any damages awarded to DRR and Hirsch's attorneys' fees and costs. Third-Party Defendants are liable for these damages, if any.

## COUNT III

### (Declaratory Relief Against All Third-Party Defendants)

26. Hirsch refers to and incorporates by reference paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages.

28. If DRR sustained damages as alleged in its complaint, these damages were caused entirely by the Third-Party Defendants.

29. An actual controversy has arisen and now exists between Hirsch and the Third-Party Defendants in that Hirsch contends, and the Third-Party Defendants deny responsibility for the damages claimed by DRR in the underlying suit, and that as a result, the Third-Party Defendants are obligated to fully indemnify Hirsch for any sums that Hirsch may be compelled to pay as the result of any damages, judgment, or other awards recovered by DRR against Hirsch.

## COUNT IV

### (Breach of Implied Warranty - against HK)

30. Hirsch refers to and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. HK agreed to sell the goods as specified in the agreement to Hirsch.

32. HK impliedly warranted the goods sold were as represented and that the goods were merchantable and fit for the particular purpose for which they were purchased.

33. In the unlikely event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement, Hirsch has been damaged by HK's breach of warranty in an amount to be proven at trial including, but not limited to, any damages awarded to DRR and Hirsch's attorneys' fees and costs.

WHEREFORE, Defendant/Third-Party Plaintiff Hirsch prays for the following relief against the Third-Party Defendants:

A. In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement and is awarded damages, Hirsch is entitled to recover the amount of those damages from the Third-Party Defendants, inclusive of any interest;

B. In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement and is awarded damages, Hirsch is entitled to indemnity from the Third-Party Defendants for any damages awarded to DRR and any damages suffered by Hirsch including, but not limited to, Hirsch's attorneys' fees and costs;

C. A declaration that the Third-Party Defendants are obliged to fully indemnify Hirsch for any sums that Hirsch may be compelled to pay as a result of any money, judgment or other awards recovered by DRR from Hirsch;

D. Hirsch's attorneys' fees and costs in this action;

E. Prejudgment interest; and

F.  Such other relief including equitable relief, as this Court deems proper.

Respectfully submitted,

DATED:  December 27, 2007            HIRSCH PRESENTATION SYSTEMS USA, INC.


                                     /s/James D. Ellman
                                     One of Its Attorneys

James D. Ellman
Scopelitis, Garvin, Light & Hanson, P.C.
30 West Monroe Street, Suite 600
Chicago, Illinois 60603
Telephone: (312) 422-1200
Facsimile:  (312) 422-1224

Attorneys for Third-Party Plaintiff

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2007, I electronically filed the THIRD-PARTY COMPLAINT with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

>Jordan B. Reich, Esq.
>Renee Mehl
>Kohner, Mann & Kailas, S.C.
>Washington Building
>Barnabas Business Center
>4650 North Port Washington Road
>Milwaukee, WI 53212-1059

DATED:  December 27, 2007

/s/James D. Ellman