UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., ) <br> An Illinois corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HIRSH PRESENTATION SYSTEMS ) <br> USA, INC., a New Jersey corporation, ) <br> ) <br> Defendant. ) | Case No.: 07-CV-6301 <br><br> Judge: Guzman |
| HIRSH PRESENTATION SYSTEMS ) <br> USA, INC., a New Jersey corporation, ) <br> ) <br> Defendant/Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HIRSH BRACELET (HK) LTD., a Hong Kong ) <br> Private Limited Company, and ) <br> SCHENKER, INC., a New York corporation, ) <br> ) <br> Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANT SCHENKER, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Third-Party Defendant, SCHENKER, INC. ("Schenker"), by and through its attorneys, Dennis Minichello and Stephanie Espinoza of Marwedel, Minichello & Reeb, P.C., and for its Answer and Affirmative Defenses to the Third-Party Complaint, states as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1.      Subject matter jurisdiction is based on 28 U.S.C. § 1367(a).  This Court has the power to exercise supplemental subject matter jurisdiction here because Hirsh's third-party claims against the Third-Party Defendants share a common nucleus of operative fact with The Direct Response Resource Inc.'s ("DRR") claims against Hirsch, such that these claims are part of the same case or controversy.  Hirsch's Third-Party Complaint does not raise novel or complex issues of State law and does not substantially predominate over DRR's claims.  This

1

Court has not dismissed all claims over which it has original jurisdiction and there are no other compelling reasons for declining jurisdiction.

       **ANSWER:**    Schenker admits the allegations contained in Paragraph 1.

    2.    Personal jurisdiction is based on the Illinois long-arm statute, 735 ILCS 5/2-209. The Third-Party Defendants have minimum contacts with Illinois and exercise of personal jurisdiction does not offend due process.

       **ANSWER:**    Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2.

    3.    Venue is proper in this District and Court pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to this action or a substantial part of the property that is subject to this action is situated in this District and because the Third-Party Defendants are subject to personal jurisdiction in this District.

       **ANSWER:**    Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3.

    4.    Hirsch is a New Jersey Corporation with its principal place of business in New Jersey. Hirsch is in the business of selling customized marketing materials, including the Liquid Filled Notebooks at issue here, to clients in the United States.

       **ANSWER:**    Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4.

    5.    HK is a Hong Kong Private Limited Company with its principal place of business at 161 Wai Yip Street, 13th Floor, Kwun Tong, Kowloon, Hong Kong. HK acted as Hirsch's purchasing and manufacturing agent in Hong Kong, overseeing all aspects of the design, implementation, manufacture and shipment to the United States of the Liquid Filled Notebook order at issue here.

       **ANSWER:**    Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5.

    6.    Schenker is a New York Corporation with a principal place of business in Freeport, New York. Schenker is one of the world's leading providers of integrated logistics services, providing land transport, air and sea freight as well as international freight forwarding services. Hirsch hired Schenker to provide freight forwarding services to get HK's Liquid Filled Notebooks transported to DRR in Illinois.

**ANSWER:** Schenker admits that it is a New York Corporation with a principal place of business in Freeport, New York. Schenker admits that it is one of the leading international providers of integrated logistics services. Schenker admits that it was hired by Hirsch to provide freight forwarding services to get HK's Liquid Filled Notebooks transported to DRR in Illinois. Schenker denies the remaining allegations of Paragraph 6.

## THE AGREEMENTS

7. On or about March 6, 2007, Hirsch entered into an agreement with HK in which HK agreed to design, manufacture and ship 15,000 Liquid Filled Notebooks to Hirsch's client, DRR in Illinois, in exchange for monetary consideration.

**ANSWER:** Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. On or about April 18, 2007, DRR specified via email that the 15,000 Liquid Filled Notebooks need to contain a back cover that was glossy on both sides. HK was aware of DRR's specification as it expressly agreed via email on April 19, 2007 to print back covers that were glossy on both sides.

**ANSWER:** Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. On or about May 16, 2007, Hirsch entered into an agreement with Schenker in which Schenker agreed to pick up the Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois in exchange for monetary consideration. At or around that time, Schenker agreed to insure the Liquid Filled Notebooks for any damage caused during transit.

**ANSWER:** Schenker admits that it agreed to arrange for the transportation of the Liquid Filled Notebooks from HK in Hong Kong to DRR in Illinois in exchange for monetary consideration. Schenker denies the remaining allegations of Paragraph 9.

10. On May 31, 2007, Schenker delivered HK's Liquid Filled Notebooks to DRR in Chicago, Illinois. But, when HK's shipment arrived, several boxes were wet and crushed. In total, approximately 10% of the 15,000 HK Liquid Filled Notebooks arrived in Illinois leaking or otherwise damaged or defective.

**ANSWER:**   Schenker admits that it arranged for the delivery of HK's Liquid Filled Notebooks to DRR in Chicago, Illinois.  Schenker denies that it physically delivered HK's Liquid Filled Notebooks to DRR in Chicago, Illinois.  Schenker is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10.

11.     Additionally, HK did not produce the order as specified in the parties' agreement – none of the 15,000 Liquid Filled Notebooks contained a glossy back cover as ordered.

**ANSWER:**   Schenker is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     On November 6, 2007, DRR filed a complaint against Hirsch for breach of contract and breach of warranty because HK's Liquid Filled Notebooks arrived defective and were not delivered as specified.

**ANSWER:**   Schenker is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.

## COUNT I

### (Implied Indemnity Against All Third-Party Defendants)

13.     Hirsch refers to and incorporates by reference paragraphs 1 through 12, inclusive, as though fully set forth herein.

**ANSWER:**   Schenker restates and realleges its responses to the allegations of paragraph 1-12 as though more fully set forth herein.

14.     On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages ("DRR Complaint").  Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth herein.

**ANSWER:**   Schenker admits the allegations contained in Paragraph 14.

15.     Third-Party Plaintiff Hirsch denies, and continues to deny, any liability arising out of DRR's Complaint.  If, however, it is found that Hirsch is responsible under the law to DRR, then Hirsch is informed and believes, and upon such information and belief alleges that the Third-Party Defendants were the sole cause of injury alleged in the DRR Complaint, and caused the damages alleged.

4

**ANSWER:** Schenker denies the allegations contained in Paragraph 15.

16. Third-Party Plaintiff Hirsch is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending said DRR Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Hirsch will seek leave of court to amend this Third-Party Complaint to set forth the true nature and amount of said costs and expenses.

**ANSWER:** Schenker is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16.

17. If Hirsch is held liable and responsible to DRR for damages as alleged in the DRR Complaint, it will be solely due to the conduct of the Third-Party Defendants, and each of them, as herein alleged. Therefore, Hirsch is entitled to be indemnified by said Third-Party Defendants, and each of them should such liability arise.

**ANSWER:** Schenker denies the allegations contained in Paragraph 17.

18. If Hirsch is held liable or responsible to DRR for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of Third-Party Defendants, and each of them.

**ANSWER:** Schenker denies the allegations contained in Paragraph 18.

19. Hirsch is entitled to complete indemnification by said Third-Party Defendants, and each of them, for any sum or sums for which Hirsch may be adjudicated liable to DRR, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

**ANSWER:** Schenker denies the allegations contained in Paragraph 19.

WHEREFORE, Third-Party Defendant SCHENKER INC. denies that it is liable to Third-Party Plaintiff and respectfully requests that this Honorable Court enter judgment in its favor and against the Third-Party Plaintiff, and award such other further relief as this court deems proper.

## COUNT II

### (Breach of Contract Against All Third-Party Defendants)

20. Hirsch refers to and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

5

**ANSWER:** Schenker restates and realleges its responses to the allegations of paragraph 1-19 as though more fully set forth herein.

21. At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and HK whereby HK agreed to deliver 15,000 Liquid Filled Notebooks to DRR, which are the subject of DRR's Complaint.

**ANSWER:** Schenker is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21.

22. At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and Schenker whereby Schenker agreed to pick up the 15,000 Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois. The Schenker agreement also specified that Schenker would insure the Liquid Filled Notebooks for all damages caused during transit.

**ANSWER:** Schenker admits that it agreed to arrange for the transportation of the Liquid Filled Notebooks from HK in Hong Kong to DRR in Illinois in exchange for monetary consideration. Schenker denies the remaining allegations of Paragraph 22.

23. Hirsch has fully performed all conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of the contracts.

**ANSWER:** Schenker is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23.

24. In the event that DRR is able to show that the Liquid Filled Notebooks were not delivered as specified, the Third-Party Defendants have breached their agreements with Hirsch.

**ANSWER:** Schenker denies the allegations contained in Paragraph 24.

25. In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered as specified, Hirsch has been damaged by the Third-Party Defendants' breach in an amount to be proven at trial including, but not limited to, any damages awarded to DRR and Hirsch's attorneys' fees and costs. Third-Party Defendants are liable for these damages, if any.

**ANSWER:** Schenker denies the allegations contained in Paragraph 25.

WHEREFORE, Third-Party Defendant SCHENKER INC. denies that it is liable to Third-Party Plaintiff and respectfully requests that this Honorable Court enter judgment in its

favor and against the Third-Party Plaintiff, and award such other further relief as this court

deems proper.

## COUNT III

### (Declaratory Relief Against All Third-Party Defendants)

26. Hirsch refers to and incorporates by reference paragraphs 1 through 25, inclusive, as though fully set forth herein.

**ANSWER:** Schenker restates and realleges its responses to the allegations of

paragraph 1-25 as though more fully set forth herein.

27. On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages.

**ANSWER:** Schenker admits the allegations contained in Paragraph 27.

28. If DRR sustained damages as alleged in its complaint, these damages were caused entirely by the Third-Party Defendants.

**ANSWER:** Schenker denies the allegations contained in Paragraph 28.

29. An actual controversy has arisen and now exists between Hirsch and the Third-Party Defendants in that Hirsch contends, and the Third-Party Defendants deny responsibility for the damages claimed by DRR in the underlying suit, and that s a result, the Third-Party Defendants are obligated to fully indemnify Hirsch for any sums that Hirsch may be compelled to pay as the result of any damages, judgment, or other awards recovered by DRR against Hirsch.

**ANSWER:** Schenker denies the allegations contained in Paragraph 29.

WHEREFORE, Third-Party Defendant SCHENKER INC. denies that it is liable to

Third-Party Plaintiff and respectfully requests that this Honorable Court enter judgment in its

favor and against the Third-Party Plaintiff, and award such other further relief as this court

deems proper.

## COUNT IV

### (Breach of Implied Warranty – against HK)

The allegations contained in Count IV are not directed at or against Schenker, and, therefore, require no answer. To the extent any allegation of Count IV could be construed as being directed to Schenker or requiring an answer of Schenker, Schenker denies the same.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Third-Party Complaint should be dismissed as against Schenker for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any injuries or damages alleged in the Complaint or Third-Party Complaint did not occur while the subject goods were in the care, custody or control of Schenker and, accordingly, Third-Party Plaintiff is not entitled to any recovery against Schenker.

### Third Affirmative Defense

All services were performed subject to the terms and conditions of the Schenker delivery receipt issued therefore. Any loss or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which Schenker is not liable or responsible by virtue of the provisions of the said delivery receipt and/or other applicable provisions of the contracts of carriage or of law.

### Fourth Affirmative Defense

The said shipment was transported and was discharged and delivered subject to the terms and conditions of the air waybills issued therefore, and any tariffs by which the shippers, owners, consignees and holders of said air waybills agreed to be and are bound, and was subject also to the provisions of the Convention for the Unification of certain Rules relating to International Carriage by Air, signed at Warsaw, 12 October 1929 ("Warsaw Convention"), or that

Convention as amended at The Hague, 28 September 1955 and/or the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May 1999, ("Montreal Convention").  Any loss or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which Schenker is not liable or responsible by virtue of the provisions of the Warsaw Convention and/or Montreal Convention and/or provisions of the said air waybills and/or tariffs and/or other applicable provisions of the contracts of carriage or of law.

### Fifth Affirmative Defense

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom Schenker had no control at any time relevant hereto, and in the event Schenker is found liable to Third-Party Plaintiff, which liability is expressly denied, Schenker will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### Sixth Affirmative Defense

Plaintiff and Third-Party Plaintiff have failed to mitigate their damages, if any, and are therefore barred from recovering any such damages from Schenker.

### Seventh Affirmative Defense

The liability of Schenker, which is denied, is limited to $50 per shipment as set forth in the Schenker delivery receipt, or, in the alternative, $9.07 per pound or $20.00 per kilogram, pursuant to the terms and conditions of the applicable air waybill, the Warsaw Convention and/or Montreal Convention, and any claim against Schenker will be limited to that sum.

### Eighth Affirmative Defense

The Third-Party Plaintiff failed to make a timely and proper notice of claim and,

therefore, is barred from recovery.

## Ninth Affirmative Defense

The Schenker delivery receipt calls for all suits arising out of its services to be brought in a court of competent jurisdiction in the State of New York, and, therefore, this complaint should be dismissed for improper venue.

                                            Respectfully submitted,

                                   By:      /s/ Stephanie Espinoza
                                                  Attorneys for Third-Party Defendant,
                                                    SCHENKER, INC.

Dennis Minichello
Stephanie Espinoza
MARWEDEL MINICHELLO & REEB, P.C.
10 S. Riverside, Suite 720
Chicago, IL  60606
Telephone:  (312) 902-1600
Facsimile:  (312) 902-9900

**CERTIFICATE OF SERVICE**

      I, Stephanie Espinoza, an attorney, certify that on this 8th day of February, 2008, I electronically filed Third-Party Defendant Schenker, Inc.'s Answer and Affirmative Defenses with the Clerk of the Northern District of Illinois via its CM/ECF system, which will send a notice of electronic filing to the following counsel:

- **James Daniel Ellman**
  jellman@scopelitis.com
- **Alreen Haeggquist**
  alreen@haeggquistlaw.com
- **Jordan B. Reich**
  jreich@kmklawfirm.com

                                            /s/ Stephanie A. Espinoza
                                              Stephanie A. Espinoza