UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an Illinois Corporation, | ) ) ) ) | Case No. 07 CV 6301 Hon. Ronald A. Guzman |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| HIRSCH PRESENTATION SYSTEMS USA, INC., a New Jersey Corporation, | ) ) ) | |
| Defendant and Third-Party Plaintiff | ) ) ) | |
| vs. | ) ) | |
| HIRSCH BRACELET (HK) LTD., a Hong Kong Private Limited Company, and SCHENKER, INC., a New York Corporation, | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANT HIRSCH BRACELET (HK) LTD.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS UNDER THE DOCTRINE
OF *FORUM NON CONVENIENS* AND FOR LACK OF PERSONAL JURISDICTION**

**PRELIMINARY STATEMENT**

Third-Party Defendant Hirsch HK, a Hong Kong private limited company, has been haled

into court in Illinois over a Hong Kong transaction worth approximately $16,000. Third-party

plaintiff Hirsch USA ordered liquid-filled notebooks from Hirsch HK, to be transferred to Hirsch

USA's agent, Schenker, in Hong Kong. After the goods were transferred in Hong Kong, Hirsch

HK's involvement with the transaction was over. Nevertheless, Hirsch USA is attempting to

drag Hirsch HK into a court case halfway around the world, in a forum with which Hirsch HK

has nothing to do and in which Hirsch HK never anticipated that it could be sued. This Court

should reject Hirsch USA's attempt.

*First*, Hong Kong is the appropriate forum for any dispute between Hirsch USA and

Hirsch HK relating to this transaction, and the Court should therefore dismiss the claim against

Hirsch HK on the basis of *forum non conveniens*. Courts have repeatedly held that Hong Kong

is an adequate alternative forum for disputes such as this one. Because Hirsch HK delivered the

goods to Hirsch USA's agent in Hong Kong, Hong Kong law applies to this dispute. Moreover,

Hirsch HK has been informed that Hirsch USA has either settled the other claims in this case or

is finalizing settlements, leaving the claim against Hirsch HK as the only claim before this Court.

Illinois has no interest in the resolution of this Hong Kong-based dispute. Moreover, the relevant

witnesses and evidence are all in Hong Kong. Under these circumstances, this Court should

dismiss the claim against Hirsch HK under the doctrine of *forum non conveniens*.

*Second*, this Court lacks personal jurisdiction over Hirsch HK. The Court does not have

specific jurisdiction because the contract between Hirsch USA and Hirsch HK was performed in

Hong Kong, and there is no allegation that the contract was entered into in Illinois. Hirsch HK

plainly does not have the "continuous and systematic" contacts with Illinois that would subject it

to general jurisdiction. Hirsch HK has no offices or employees in Illinois and has made only one

commercial sale in the state since 1989. That one sale is simply not enough to subject Hirsch

HK to the jurisdiction of courts in Illinois for purely Hong Kong transactions having nothing to

do with Illinois.

Accordingly, Hirsch USA's third-party complaint against Hirsch HK should be

dismissed.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On November 6, 2007, The Direct Response Resource, Inc. ("DRR"), an Illinois

corporation, filed the underlying action against Hirsch Presentation Systems USA, Inc. ("Hirsch

USA"), a New Jersey corporation, for breach of contract and the implied warranty of

merchantability. DRR alleges, *inter alia*, that certain liquid filled travel logs or notebooks sold

to it by Hirsch USA were both defective and delivered late.

On December 27, 2007, defendant and third-party plaintiff Hirsch USA, filed a third-

party complaint against Hirsch Bracelet (HK) Ltd. ("Hirsch HK"), a Hong Kong private limited

company, and Schenker, Inc., a New York corporation, for indemnity, breach of contract,

declaratory relief, and breach of the implied warranty of merchantability. (Docket Entry No. 14;

Exh. 1.)

Hirsch USA's action against Schenker concerns alleged damage to the notebooks after

Schenker took possession of them in Hong Kong from Hirsch HK and before delivery to DRR.

Hirsch USA alleges that it "entered into an agreement with Schenker in which Schenker agreed

to pick up the Liquid Filled Notebooks from [Hirsch] HK in Hong Kong and deliver them to

DRR in Illinois [and] Schenker agreed to insure the Liquid Filled Notebooks for any damage

caused during transit." Third-Party Complaint ¶ 9. Hirsch USA alleges that when Schenker

delivered the Liquid Filled Notebooks to DRR "several boxes were crushed [and] approximately

10% of the [notebooks] arrived in Illinois leaking or otherwise damaged or defective." *Id.* at ¶ 10.

Hirsch USA alleges the existence of a contract with Hirsch HK for the manufacture of the Liquid Filled Notebooks, although no document is appended to the third-party complaint. Third-Party Complaint ¶ 7. On February 9, 2007, Hirsch HK sent Hirsch USA a quotation. Wong Decl. ¶ 2; Exh. 2. On March 26, 2007, Hirsch USA responded with a purchase order for goods totaling $16,065.60. *Id.* at ¶ 3. Both documents are silent as to forum selection or choice of law. *Id.* at ¶¶ 2-4. The gravamen of Hirsch USA's complaint against Hirsch HK is that Hirsch HK allegedly breached the contract when it delivered to Schenker, in Hong Kong, notebooks with back covers that were not glossy on both sides, which Hirsch USA alleges was a DRR specification that was allegedly learned by Hirsch HK in a April 19, 2007 email. Third-Party Complaint ¶¶ 8 and 12.

Hirsch HK does not have systematic and continuous business contacts in Illinois. Wong Decl. ¶ 5. Specifically, it is aware of the commercial shipment of only one order of watchbands to an Illinois business, which Hirsch HK did not solicit, since Hirsch HK's founding in 1989. *Id.* Hirsch HK does not maintain an office or employees in Illinois, does not send agents into Illinois to conduct business, does not advertise or solicit business in Illinois, and has not designated an agent for service of process in Illinois. Wong Decl. ¶ 6. Similarly, Hirsch does not have an office or own any real or personal property in Illinois. *Id.* at ¶ 7. Upon information and belief, none of the alleged correspondence or other communications between Hirsch HK and Hirsch USA that forms the basis of any alleged contract emanated from Illinois.

Hirsch HK has been informed that Hirsch USA has settled or is finalizing settlement agreements with both DRR and Schenker, leaving only this third-party action against Hirsch HK. Lambros Decl. ¶ 2, Exh. 3.

- 4 -

**ARGUMENT**

**I.    THE THIRD PARTY COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS***

A *forum non conveniens* determination lies within this Court's sound discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). Moreover, the Supreme Court recently decided that it was permissible for a district court to take up the issue of *forum non conveniens* without first addressing jurisdictional questions. *Sinochem International Co. v. Malaysia International Shipping Corp.*, __ U.S. __, 127 S.Ct. 1184 (2007). Allowing this case to remain in Illinois would require the Court to ignore the cornerstone of the *forum non conveniens* doctrine – "to ensure that the trial is convenient." *Id.* at 256. The Seventh Circuit has outlined a two-step process to determine whether to grant a *forum non conveniens* dismissal. First, the court considers whether the proposed alternative forum is adequate to adjudicate the parties' disputes. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997). And second, the court balances the private and public interests implicated in the choice of forum. *Id.*

Here, the focal point of the litigation between Hirsch HK and Hirsch USA is Hong Kong, an adequate alternative forum. Moreover, private and public factors militate in favor of this action being resolved in Hong Kong as opposed to Illinois, which has no interest in the dispute between foreign parties Hirsch HK and Hirsch USA.[1]

**A.    HONG KONG IS AN ADEQUATE ALTERNATIVE FORUM**

Hong Kong, Asia's commercial hub, unquestionably provides an adequate alternative forum. This requirement is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. *Piper Aircraft*, 454 U.S. at 254 n. 22. Hirsch HK, a Hong Kong company, is

---

[1] Hirsch HK is informed that Hirsch USA, DRR, and Schenker have either settled this case or are in the finalizing settlement agreements. Accordingly, any efficiencies contemplated by Fed. R. Civ. Proc. 14 and 28 U.S.C. § 1367(a) are absent for both Hirsch USA and Hirsch HK.

obviously subject to process in Hong Kong.  In rare circumstances, the alternative forum may not

be adequate where the remedy offered by the forum is clearly unsatisfactory.  *Id.*  Hong Kong is

not such a forum.  *See Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (Hong Kong

adequate alternative forum for plaintiff's business tort and defamation claims); *Turan v.*

*Universal Plan Inv. Ltd.*, 70 F.Supp.2d 671 (E.D.La. 1999) (Hong Kong adequate alternative

forum for breach of contract and breach of fiduciary duties claims); *Dragon Capital Partners v.*

*Merrill Lynch Capital Services, Inc.*, 949 F.Supp. 1123, 1129 (S.D.N.Y. 1997) (holding Hong

Kong an adequate alternative forum for breach of contract and securities fraud action

notwithstanding transfer of governance to People's Republic of China in part because "Hong

Kong is a sister common law jurisdiction with procedures akin to our own."); *Capri Trading*

*Corp. v. Bank Bumiputra Malaysia Berhad*, 812 F.Supp. 1041, 1043-44 (N.D.Cal. 1993) (Hong

Kong adequate alternative forum for R.I.C.O. action).

### B.    PUBLIC INTEREST CONSIDERATIONS FAVOR HONG KONG

Public interest considerations in a *forum non conveniens* analysis balance the following

burdens on a forum with the forum's interest in the subject proceeding: (1) court congestion; (2)

the burden of jury duty on the citizenry; and (3) having localized controversies decided at home.

*In re FACTOR VIII*, 484 F.3d 951, 955 (7th Cir. 2007).  In addition, there "is an appropriateness,

too, in having the trial of a diversity case in a forum that is at home with the state law that must

govern the case, rather than having a court in some other forum untangle problems in conflict of

laws, and in law foreign to itself."  *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09

(1947)).  Because this Court would be called on to apply Hong Kong law, coupled with the

action's burden on its docket and Illinois' citizens, a compelling Illinois interest is necessary.

Here, there is none.

### 1.   THIS DISPUTE IS GOVERNED BY HONG KONG LAW

Assuming, *arguendo*, that this Court exercises jurisdiction over Hirsch USA's dispute with Hirsch HK, discussed *infra*, it would be called upon to apply Hong Kong law. This diversity action is governed by Illinois choice of law rules, where this Court sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Midwest Grain Products of Illinois v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000).

When determining choice of law in contract disputes, Illinois follows the Restatement (Second) of Conflict of Laws. *Midwest Grain Products*, 228 F.3d at 787. The "Restatement refers courts either to a choice of law provision in the contract at issue, or the place of performance." *Id.* (citing *Boise Cascade Home & Land Corp. v. Utilities, Inc.*, 127 Ill.App.3d 4, 468 N.E.2d 442, 448 (Ill.App.Ct. 1984) (law of place of performance governs)).

Here, there is no allegation that there is a choice of law provision calling for the application of Illinois law. Moreover, there is no dispute that the risk of loss passed to Hirsch USA's agent, Schenker, in Hong Kong. Hirsch USA alleges that it "entered into an agreement with Schenker in which Schenker agreed to pick up the Liquid Filled Notebooks from [Hirsch] HK in Hong Kong and deliver them to DRR in Illinois [and] Schenker agreed to insure the Liquid Filled Notebooks for any damage caused during transit." Third-Party Complaint ¶ 9. Accordingly, Hirsch HK fully performed its alleged contract with Hirsch USA in Hong Kong, and Hong Kong law governs this dispute. *Accord Windsor Indus., Inc. v. EACA Intern. Ltd.*, 548 F.Supp. 635, 638 (D.C.N.Y. 1982).

### 2.   ILLINOIS HAS NO INTEREST IN THIS ACTION

As discussed herein, Illinois has no interest in the resolution of this dispute. It is not Hirsch USA's home forum. Moreover, the action against Hirsch USA by DRR will most likely be dismissed before discovery between Hirsch HK and Hirsch USA begins. It would be

inefficient for this Court to clog its docket with this case and potentially burden Illinois citizens with jury duty in a matter that is of no interest to Illinois.

In contrast, Hong Kong has a strong local interest in having this localized controversy decided at home. *See Gulf Oil*, 330 U.S. at 508-09. The transaction between Hirsch USA and Hirsch HK was a Hong Kong transaction. It is undisputed that the only actions Hirsch HK performed were in Hong Kong. Hirsch HK transferred the goods to Hirsch USA's agent in Hong Kong, and the risk of loss passed to Hirsch USA (or its agent Schenker) in Hong Kong. Thus, Hong Kong's interest in this dispute far outweighs the minimal interest Illinois has in resolving a dispute that has no relation to Illinois (or, indeed, to any other forum in the United States).

**C.     PRIVATE CONSIDERATIONS FAVOR HONG KONG**

Private interest factors that should be considered are: "(1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of view of premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment." *In re FACTOR VIII*, 484 F.3d at 958.

Here, the goods were manufactured in China as a result of a purchase order received in Hong Kong. The risk of loss passed to Hirsch USA in Hong Kong. All correspondence concerning the terms of the alleged contract was received in Hong Kong by Hirsch HK's employees. Accordingly, the bulk of the documentation and all of the relevant witnesses are in Hong Kong. Because, among other things, Hirsch USA must demonstrate that Hirsch HK's personnel learned of Hirsch USA's desire to modify the terms of the purchase order, Hirsch HK's Hong Kong witnesses are critical to this dispute. All of these witnesses are amenable to process in Hong Kong. Further, Hirsch USA alleges a breach of the warranty of merchantability. Accordingly, the jurisdiction of the manufacture of the goods is far more convenient than Illinois. At least in Hong Kong, Hirsch HK's facilities can be inspected and all relevant designs

- 8 -

and samples can be evaluated. Further, any judgment is obviously enforceable against Hirsch HK in Hong Kong. Finally, Hirsch HK contends that Hirsch USA owes it money. If this motion is denied and Hirsch HK answers, it will have to decide whether to file a counterclaim, which could further entangle a United States court in Hong Kong activities. It is more practical to resolve of all of these claims in one Hong Kong forum.

### D.    PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO LESS DEFERENCE

Courts often balance the foregoing considerations with a presumption in favor of plaintiff's chosen forum. *In re FACTOR VIII*, 484 F.3d at 955. Here, Hirsch USA's choice of forum is entitled to less deference because Illinois is not its home forum. *See generally id.* at 956 (noting that a Texan's decision to file an action in Alaska was not entitled to much deference). Nevertheless, "[e]ven the deference due to the selection of a home forum by a resident plaintiff is far from absolute." *Capri Trading*, 812 F.Supp. at 1043 n.1. "The presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the grounds of *forum non conveniens*." *Lockman Found v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991); *see also Turan*, 70 F.Supp.2d at 677 ("The [U.S.] plaintiff's choice of forum is not, however, a private interest factor with dispositive weight." (quoting *Piper Aircraft*, 454 U.S. at 257 n.23)).

When one balances the compelling public and private interests militating in favor of a Hong Kong forum with the negligible interest of Illinois, notions of efficiency and fairness compel a dismissal under the *forum non conveniens* doctrine.

### II.    THIS COURT LACKS PERSONAL JURISDICTION OVER HIRSCH HK

Personal jurisdiction exists against Hirsch HK only if Illinois' long-arm statute permits jurisdiction and the exercise of jurisdiction would be consistent with the due process clause.

*Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990). Here, it plainly is not.

First, there is no specific jurisdiction over Hirsch HK in Illinois. "Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Here, it is undisputed that the contract between Hirsch HK and Hirsch USA was performed in Hong Kong. Moreover, there is no allegation that the contract was entered into in Illinois. Thus, this Court can only exercise personal jurisdiction over Hirsch HK if it has general jurisdiction.

General jurisdiction "is permitted only where the defendant has continuous and systematic general business contacts with the forum. Those contacts must be so extensive as to make it fundamentally fair to require defendant to answer in any Illinois court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 906 (N.D.Ill. 2006) (internal citations and quotations omitted). Illinois plainly cannot exercise general jurisdiction over Hirsch HK, which only made one sale of watchbands in the state since 1989. Wong Decl.; Exh. 2. Surely this sole contact would not justify haling Hirsch HK into Illinois courts for any transaction taking place anywhere in the world.

Illinois cannot properly exercise personal jurisdiction over Hirsch HK. As discussed above, Hirsch HK maintains no offices or employees in Illinois and has no agents designated for service of process. Hirsch HK does not advertise or solicit business in Illinois, nor does it send agents into the forum state. Wong Decl.; Exh. 2.

## CONCLUSION

For the foregoing reasons, Hirsch HK respectfully requests that this Court dismiss the third-party complaint and award it all other relief that is just and proper.

DATED:    May 15, 2008

**LAW OFFICE OF JOHN M. LAMBROS**

By:___*/s/ John M. Lambros*_____
     John M. Lambros (*pro hac vice*)

     65 Broadway, Ste. 813
     New York, NY  10006
     (212) 430-6474
     (212) 208-2933 (Fax)
     John@Lambroslawfirm.com


**REED SMITH LLP**

By___/s/ Gary S. Caplan_____
     One of Its Attorneys

     Gary S. Caplan (# 6198263)
     10 South Wacker Drive, 40th Floor
     Chicago, Illinois  60606
     (312) 207-1000
     (312) 207-6400 (Fax)
     gcaplan@reedsmith.com

     ***Attorneys for Third-Party Defendant***

2180176

- 11 -

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2008, I electronically filed the foregoing **THIRD-PARTY DEFENDANT HIRSCH BRACELET (HK) LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS AND FOR LACK OF PERSONAL JURISDICTION** with the Clerk of the Court using the ECF system which will send notification of such filings to the following:

(See attached Service List)

By   /s/ Gary S. Caplan

# SERVICE LIST

Jordan B. Reich
Kohner, Mann & Kailas, S.C.
Washington Building
4650 North Port Washington Road
Barnabas Business Center
Milwaukee, WI 53212-1059
jreich@kmklawfirm.com

Stephen E. Vargo
77 West Washington
Suite 1620
Chicago, IL 60602
svargo@mindspring.com

Alreen Haeggquist
Haeggquist Law Group
501 W. Broadway
Suite A-276
San Diego, CA 92101
alreen@haeggquistlaw.com

James Daniel Ellman
Scopelitis Garvin Light & Hanson
30 W. Monroe Street
Suite 600
Chicago, IL
jellman@scopelitis.com

Stephanie A. Espinoza
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606
sespinoza@mmr-law.com

Renee M. Mehl
Kohner, Mann & Kailas, S.C.
Washington Building
4650 North Port Washington Road
Barnabas Business Center
Milwaukee, WI 53212-1059
rmehl@kmklawfirm.com

Adam Carl Smedstad
Scopelitis Garvin Light & Hanson
30 W. Monroe Street
Suite 600
Chicago, IL
asmedstad@scopelitis.com

Donald W. Devitt
Scopelitis Garvin Light & Hanson
30 W. Monroe Street
Suite 600
Chicago, IL
ddevitt@scopelitis.com

Dennis Minichello
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606
dminichello@mmr-law.com

2180262

# EXHIBIT 1

.UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an) Illinois corporation, | CASE NO. 07 CV 6301 |
| ) | |
| ) | THIRD-PARTY COMPLAINT |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| . ) | |
| ) | |
| HIRSCH PRESENTATION SYSTEMS USA, ) INC., a New Jersey corporation, ) | |
| ) | |
| Defendant and Third-Party ) Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HIRSCH BRACELET (HK) LTD., ) a Hong Kong Private Limited Company and ) SCHENKER, INC., a New York corporation, ) | |
| ) | |
| Third-Party Defendants. ) ) | |

NOW COMES, Third-Party Plaintiff Hirsch Presentation Systems USA, Inc. ("Hirsch" or "Third-Party Plaintiff"), and hereby complains against Hirsch Bracelet (HK) Ltd., a Hong Kong Private Limited Company ("HK") and Schenker, Inc., a New York Corporation ("Schenker") (collectively "Third-Party Defendants"), as follows:

### JURISDICTION AND VENUE

1.    Subject matter jurisdiction is based on 28 U.S.C. §1367(a). This Court has the power to exercise supplemental subject matter jurisdiction here because Hirsch's third-party claims against the Third-Party Defendants share a common nucleus of operative fact with The Direct Response Resource Inc.'s ("DRR") claims against Hirsch, such that these claims are part of the same case or controversy. Hirsch's Third-Party Complaint does not raise novel or complex issues of State law and does not substantially predominate over DRR's claims. This Court has not dismissed all claims over which it has original jurisdiction and there are no other compelling reasons for declining jurisdiction.

2.    Personal jurisdiction is based on the Illinois long-arm statute, 735 ILCS 5/2-209. The Third-Party Defendants have minimum contacts with Illinois and exercise of personal jurisdiction does not offend due process.

3.    Venue is proper in this District and Court pursuant to 28 U.S.C. §1391(a) and (c) because a substantial part of the events giving rise to this action or a substantial part of the property that is subject to this action is situated in this District and because the Third-Party Defendants are subject to personal jurisdiction in this District.

### PARTIES

4.    Hirsch is a New Jersey Corporation with its principal place of business in New Jersey. Hirsch is in the business of selling customized marketing materials, including the Liquid Filled Notebooks at issue here, to clients in the United States.

- 1 -

5.    HK is a Hong Kong Private Limited Company with is principal place of business at 161 Wai Yip Street, 13th Floor, Kwun Tong, Kowloon, Hong Kong.  HK acted as Hirsch's purchasing and manufacturing agent in Hong Kong, overseeing all aspects of the design, implementation, manufacture and shipment to the United States of the Liquid Filled Notebook order at issue here.

6.    Schenker is a New York Corporation with a principal place of business in Freeport, New York.  Schenker is one of the world's leading providers of integrated logistics services, providing land transport, air and sea freight as well as international freight forwarding services. Hirsch hired Schenker to provide freight forwarding services to get HK's Liquid Filled Notebooks transported to DRR in Illinois.

## THE AGREEMENTS

7.    On or about March 6, 2007, Hirsch entered into an agreement with HK in which HK agreed to design, manufacture and ship 15,000 Liquid Filled Notebooks to Hirsch's client, DRR in Illinois, in exchange for monetary consideration.

8.    On or about April 18, 2007, DRR specified via email that the 15,000 Liquid Filled Notebooks need to contain a back cover that was glossy on both sides.  HK was aware of DRR's specification as it expressly agreed via email on April 19, 2007 to print back covers that were glossy on both sides.

9.    On or about May 16, 2007, Hirsch entered into an agreement with Schenker in which Schenker agreed to pick up the Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois in exchange for monetary consideration.  At or around that time, Schenker agreed to insure the Liquid Filled Notebooks for any damage caused during transit.

10.    On May 31, 2007, Schenker delivered HK's Liquid Filled Notebooks to DRR in Chicago, Illinois.  But, when HK's shipment arrived, several boxes were wet and crushed.  In total,

- 2 -

approximately 10% of the 15,000 HK Liquid Filled Notebooks arrived in Illinois leaking or otherwise damaged or defective.

11.    Additionally, HK did not produce the order as specified in the parties' agreement — none of the 15,000 Liquid Filled Notebooks contained a glossy back cover as ordered.

12.    On November 6, 2007, DRR filed a complaint against Hirsch for breach of contract and breach of warranty because HK's Liquid Filled Notebooks arrived defective and were not delivered as specified.

**COUNT I**

**(Implied Indemnity Against All Third-Party Defendants)**

13.    Hirsch refers to and incorporates by reference paragraphs 1 through 12, inclusive, as though fully set forth herein.

14.    On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages ("DRR Complaint"). Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth.

15.    Third-Party Plaintiff Hirsch denies, and continues to deny, any liability arising out of DRR's Complaint. If, however, it is found that Hirsch is responsible under the law to DRR, then Hirsch is informed and believes, and upon such information and belief alleges that the Third-Party Defendants were the sole cause of injury alleged in the DRR Complaint, and caused the damages alleged.

16.    Third-Party Plaintiff Hirsch is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending said DRR Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Hirsch will seek leave of court to amend this Third-Party Complaint to set forth the true nature and amount of said costs and expenses.

- 3 -

17.    If Hirsch is held liable and responsible to DRR for damages as alleged in the DRR Complaint, it will be solely due to the conduct of the Third-Party Defendants, and each of them, as herein alleged.  Therefore, Hirsch is entitled to be indemnified by said Third-Party Defendants, and each of them should such liability arise.

18.    If Hirsch is held liable or responsible to DRR for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of Third-Party Defendants, and each of them.

19.    Hirsch is entitled to complete indemnification by said Third-Party Defendants, and each of them, for any sum or sums for which Hirsch may be adjudicated liable to DRR, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

## COUNT II

### (Breach of Contract Against All Third-Party Defendants)

20.    Hirsch refers to and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.    At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and HK whereby HK agreed to deliver 15,000 Liquid Filled Notebooks to DRR, which are the subject of DRR's Complaint.

22.    At all times relevant to the allegations in DRR's Complaint and the Third-Party Complaint herein, there was in effect an agreement between Hirsch and Schenker whereby Schenker agreed to pick up the 15,000 Liquid Filled Notebooks from HK in Hong Kong and deliver them to DRR in Illinois.  The Schenker agreement also specified that Schenker would insure the Liquid Filled Notebooks for all damages caused during transit.

23.    Hirsch has fully performed all conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of the contracts.

- 4 -

24.     In the event that DRR is able to show that the Liquid Filled Notebooks were not delivered as specified, the Third-Party Defendants have breached their agreements with Hirsch.

25.     In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered as specified, Hirsch has been damaged by the Third-Party Defendants' breach in an amount to be proven at trial including, but not limited to, any damages awarded to DRR and Hirsch's attorneys' fees and costs. Third-Party Defendants are liable for these damages, if any.

### COUNT III

### (Declaratory Relief Against All Third-Party Defendants)

26.     Hirsch refers to and incorporates by reference paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.     On or about November 6, 2007, Plaintiff DRR filed the underlying suit against Hirsch seeking damages.

28.     If DRR sustained damages as alleged in its complaint, these damages were caused entirely by the Third-Party Defendants.

29.     An actual controversy has arisen and now exists between Hirsch and the Third-Party Defendants in that Hirsch contends, and the Third-Party Defendants deny responsibility for the damages claimed by DRR in the underlying suit, and that as a result, the Third-Party Defendants are obligated to fully indemnify Hirsch for any sums that Hirsch may be compelled to pay as the result of any damages, judgment, or other awards recovered by DRR against Hirsch.

### COUNT IV

### (Breach of Implied Warranty - against HK)

30.     Hirsch refers to and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     HK agreed to sell the goods as specified in the agreement to Hirsch.

- 5 -

32.    HK impliedly warranted the goods sold were as represented and that the goods were merchantable and fit for the particular purpose for which they were purchased.

33.    In the unlikely event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement, Hirsch has been damaged by HK's breach of warranty in an amount to be proven at trial including, but not limited to, any damages awarded to DRR and Hirsch's attorneys' fees and costs.

WHEREFORE, Defendant/Third-Party Plaintiff Hirsch prays for the following relief against the Third-Party Defendants:

A.    In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement and is awarded damages, Hirsch is entitled to recover the amount of those damages from the Third-Party Defendants, inclusive of any interest;

B.    In the event that DRR is able to prove that the Liquid Filled Notebooks were not delivered or were not as described in the agreement and is awarded damages, Hirsch is entitled to indemnity from the Third-Party Defendants for any damages awarded to DRR and any damages suffered by Hirsch including, but not limited to, Hirsch's attorneys' fees and costs;

C.    A declaration that the Third-Party Defendants are obliged to fully indemnify Hirsch for any sums that Hirsch may be compelled to pay as a result of any money, judgment or other awards recovered by DRR from Hirsch;

D.    Hirsch's attorneys' fees and costs in this action;

E.    Prejudgment interest; and

- 6 -

F.    Such other relief including equitable relief, as this Court deems proper.

Respectfully submitted,

DATED:  December 27, 2007          HIRSCH PRESENTATION SYSTEMS USA, INC.


                                   /s/James D. Ellman
                                   One of Its Attorneys

                                   James D. Ellman
                                   Scopelitis, Garvin, Light & Hanson, P.C.
                                   30 West Monroe Street, Suite 600
                                   Chicago, Illinois 60603
                                   Telephone: (312) 422-1200
                                   Facsimile:  (312) 422-1224

                                   Attorneys for Third-Party Plaintiff

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2007, I electronically filed the THIRD-PARTY

COMPLAINT with the Clerk of the Court using the CM/ECT system which will send notification of

such filing to the following:

> Jordan B. Reich, Esq.
> Renee Mehl
> Kohner, Mann & Kailas, S.C.
> Washington Building
> Barnabas Business Center
> 4650 North Port Washington Road
> Milwaukee, WI 53212-1059

DATED: December 27, 2007

/s/James D. Ellman

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an Illinois Corporation, | ) ) ) ) | Case No. 07 CV 6301 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HIRSCH PRESENTATION SYSTEMS USA, INC., a New Jersey Corporation, | ) ) ) | Hon. Ronald A. Guzman |
| Defendant and Third-Party Plaintiff | ) ) ) | |
| vs. | ) ) | |
| HIRSCH BRACELET (HK) LTD., a Hong Kong Private Limited Company, and SCHENKER, INC., a New York Corporation, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

## DECLARATION OF ANITA WONG

Pursuant to 28 U.S.C. § 1746, Anita Wong declares as follows:

1.     I am the managing director of Hirsch Bracelet (HK) Ltd ("Hirsch HK"), a

Hong Kong private limited company.  Hirsch HK is headquartered in Hong

Kong.

2.     On or about February 9, 2007, Hirsch HK sent Hirsch USA a quotation for the

sale of certain liquid spiral notebooks.  A true and correct copy of that

quotation is attached as Exhibit 1 to this declaration.

3. On or about March 26, 2007, Hirsch USA submitted a purchase order for approximately 15,000 liquid spiral notebooks. The total contract price was $16,065.60. A true and correct copy of that purchase order is attached as Exhibit 2 to this declaration.

4. Hirsch USA has never suggested that the United States is an appropriate forum to resolve any dispute arising from the purchase. Similarly, Hirsch USA has never suggested that United States law would apply to any dispute arising from the purchase. Specifically, Hirsch HK understood that it was to deliver the liquid spiral notebooks to Hirsch USA's shipper, Schenker, Inc., in Hong Kong, and that this would be a Hong Kong transaction.

5. Hirsch HK does not have systematic and continuous business contacts in Illinois. As a general matter, sales are consummated in Hong Kong. In terms of our Illinois contacts, I am only aware of approximately one commercial shipment of watchbands to a Chicago company since 1989, when Hirsch HK was founded. This shipment was preceded by approximately four shipments of sample watchbands, which totaled less than $100. This Chicago company solicited its order from Hirsch HK.

6. Hirsch HK does not maintain an office or employees within Illinois, send agents into Illinois to conduct business, advertise or solicit business in Illinois, and has not designated an agent for service of process in Illinois.

7. Hirsch HK has none of the following in Illinois: mail address, real or personal property, a telephone, a bank account, an outlet, or a store.

8.    Litigation in the United States was never expected and would be very

burdensome.  All of Hirsch HK's witnesses and documents are in Hong Kong.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of May 2008 in Hong Kong.

Anita Wong

## HIRSCH BRACELET (HK) LTD.

### ▐◀HIRSCH®
The bracelet since 1765

13/F., Tamson Plaza,
161 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong
Tel: (852) 2251 3220    Fax: (852) 2759 2922
Email: gigi.sheung@hirschag.com    Home Page: http://www.hirschag.com

## QUOTATION

| | |
|---|---|
| Company Name: | Hirsch Presentation System, Inc. |
| Attention: Erica | |
| Tel: | (1) 201 840 0565 |
| Email: | erica@hirschusa.com |

| | |
|---|---|
| Date: | 9-Feb-07 |
| From: | Gigi Sheung |
| Quotation No.: | QC70071-REV1 |
| Pages: | 1/1 |

| Photo | Description | Packing | Price (FOB Xiamen) |
|---|---|---|---|
| | **Liquid Spiral Note Book**<br><br>1/ Size: 5-1/2" x 8-1/2"<br>2/ Spiral color: White<br>3/ Logo imprint: 4 color process imprint on front liquid color (behind the liquid)<br>4/ Floaters: 3 pcs with 4 color process imprint<br>5/ Internal page: 50 sheets, 70 gsm<br>6/ Insert: 2 pages inserted into note book with 4 color process imprint on both sides.<br>6/ Pocket: 4" pocket on inside of backside cover with additional pocket for a bussiness card<br>7/ Back cover: Clip board, 300 gsm<br>(No PVC cover, no imprint, no liquid, only 300 gsm board back only.) | Each piece per polybag | a/ 10,000 pcs - US$ 0.93/pc<br>b/ 15,000 pcs -US$ 0.92/pc<br>c/ 20,000 pcs - US$ 0.91/pc<br>d/ Set up charge for logo imprint and floater - US$ 250.00/set.<br>e/ Transportation cost - US$ 220.00/shipment. |

**Remarks:**

1/ The price is based on the above mentioned quantity.

2/ The price is FOB Xiamen, not deliver the goods to Hirsch Hong Kong office.

3/ Payment Terms: 30% deposit before mass production, 70% balance 2 weeks before shipment.

4/ Set up charge for logo imprint and floater at US$ 250.00/set.

5/ Transportation cost at US$ 220.00/shipment.

6/ Packing: Cannot tell the exact packing details to you because we have not the real sample in hand.

7/ Sample leadtime: 20 days after sample approval.

8/ Production leadtime: 55 days after sample approval.

9/ Quotation is valid for 30 days.
10/ This is new supplier.
11/ All prices and delivery are subject to our final confirmation.

Should you have any queries, please do not hesitate to contact me.

Best regards,
Gigi Sheung



## Hirsch Presentation Systems USA Inc.

115 River Road
Ste. 821
Edgewater, NJ 07020-1000

# Purchase Order

| Date | P.O. No. |
|------|----------|
| 3/26/2007 | 1829 |

| Vendor |
|--------|
| Hirsch Bracelet (HK) Ltd.<br>13/F., Tamson Plaza,<br>161 Wai Yip Street,<br>Kwun Tong,<br>Kowloon, HKSAR Hong Kong |

| Ship To |
|---------|
| TBD |

| Requested Ship Date | Ship Via | Job Description |
|---------------------|----------|-----------------|
| 4/12/2007 | UPS Expedit... | Pentasa |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LPF-01 | Liquid filled Notebook with white double spiral spine. 60 sheets of 70 GSM paper.<br>Front Cover: Liquid filled with 4 color process imprint behind the liquid and on 4 floaters. Clear liquid.<br>Inside Front Cover: No liquid. 4 color process imprint.<br>Back Cover: 4 color process imprint on 300 GSM board back. No liquid.<br>Inside Back Cover: 4 color process imprint with 4" vinyl horizontal pocket with affixed vinyl business card pocket. No liquid.<br>Please follow sample that was sent to you! | 15,000 | 1.03 | 15,450.00 |
| HK-SetUp4<br>HK-SetUp4<br>HK-Transport...<br>Overruns | Pre-Production sample is required!<br>Set-Up Charge for 4-color process imprint on card board<br>Set-Up Charge for 4-color process imprint on PVC Sheet<br>Transportation Charges from China to HK<br>Overruns for Hirsch office (to be collected and send together with all other overruns from all our orders via UPS expedited to our office in NJ) | 1<br>1<br>1<br>20 | 250.00<br>125.00<br>220.00<br>1.03 | 250.00<br>125.00<br>220.00<br>20.60 |

*If not specified on the Purchase order otherwise, please ship exact order quantity to the client. Any overruns for the Hirsch USA office will be listed on the Purchase Order separately. Do not ship more products than ordered, prior to our written approval.*

**Total**    **$16,065.60**

# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| )<br>THE DIRECT RESPONSE RESOURCE, INC., )<br>an Illinois Corporation, )<br> )<br>          Plaintiff, )<br> )<br>     vs. )<br> )<br>HIRSCH PRESENTATION SYSTEMS )<br>USA, INC., a New Jersey Corporation, )<br> )<br> )<br>          Defendant and )<br>          Third-Party Plaintiff )<br>     vs. )<br> )<br>HIRSCH BRACELET (HK) LTD., )<br>a Hong Kong Private Limited Company, )<br>and SCHENKER, INC., a New York )<br>Corporation, )<br> )<br>          Third-Party Defendants. )<br>                                                          ) | Case No. 07 CV 6301<br><br><br><br><br><br><br><br><br>Hon. Ronald A. Guzman |

## DECLARATION OF JOHN M. LAMBROS

Pursuant to 28 U.S.C. § 1746, John M. Lambros declares as follows:

1.      I am the attorney of record for third-party defendant Hirsch Bracelet
(HK) Ltd ("Hirsch HK"). I submit this declaration in support of Hirsch
HK's motion to dismiss. I have personal knowledge of the information set
forth herein.

2.      On a number of occasions I have spoken with counsel in this case. During
the course of these communications I was informed that third-party
plaintiff Hirsch Presentation Systems USA, Inc. ("Hirsch USA") had arrived

at a settlement with third-party defendant Schenker, Inc., and that Hirsch

USA was finalizing a settlement with Direct Response Resource, Inc.  It is

my belief that either there presently exist no live controversies between

these parties or that there soon will exist no live controversies between

these parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of May 2008 in New York, New York.

John M. Lambros