**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| THE DIRECT RESPONSE RESOURCE, INC., an Illinois corporation,<br><br>                Plaintiff,<br><br>   vs.<br><br>HIRSCH PRESENTATION SYSTEMS USA, INC., a New Jersey corporation,<br><br>                Defendant and Third-Party Plaintiff,<br><br>   vs.<br><br>HIRSCH BRACELET (HK) LTD., a Hong Kong Private Limited Company and SCHENKER, INC., a New York corporation,<br><br>                Third-Party Defendants. | CASE NO. 07 CV 6301<br><br>OPPOSITION TO THIRD-PARTY DEFENDANT HIRSCH BRACELET (HK) LTD.'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* AND FOR LACK OF PERSONAL JURISDICTION |

NOW COMES, Third-Party Plaintiff Hirsch Presentation Systems USA, Inc. ("Hirsch USA"), and hereby opposes Third-Party Defendant Hirsch Bracelet (HK) Ltd.'s ("Hirsch HK") Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* and for Lack of Personal Jurisdiction, as follows:

## I. INTRODUCTION

Hirsch Presentation Systems USA, Inc. and Hirsch Bracelet (HK) Ltd., are, as one would expect, related companies. Michael Hirsch is one of the co-founders and the President of Hirsch USA. Hirsch HK is founded and owned by Michael Hirsch's cousin Robert Hirsch. Notwithstanding its claims of blissful ignorance as to the intended destination of its products, Hirsch HK knew exactly where its products would enter and end-up in the stream of commerce. Indeed, Hirsch HK sourced, produced and delivered goods for Hirsch USA, for delivery to Hirsch USA's United States accounts.

Fraught with disingenuous claims and unsupported conclusions of law, Hirsch HK's Motion to Dismiss is tantamount to a plea to be dismissed from the case simply because it is a Hong Kong company. It is well-settled in this Circuit that such a plea is fatally insufficient. Foreign defendants, like Hirsch HK, who intentionally thrust their products into the stream of commerce and avail themselves of the market and legal system of the forum state may be hailed into court there. Indeed, in *Nelson v. Park Industries, Inc.*, the Seventh Circuit overruled a Hong Kong defendant's motion to dismiss for lack of personal jurisdiction, holding that even where a Hong Kong corporation never had any physical presence in the forum state, that if that foreign corporation was "aware they were indirectly serving and deriving economic benefits from the national retail market established by [co-defendant] … they should reasonably anticipate being subject to suit in any forum within that market where their product caused injury." 717 F.2d 1120, 1126 (7th Cir. 1983). Moreover, most of the

relevant evidence, witnesses and parties are located in the United States. Transferring this action to Hong Kong would be inefficient and unjust.

Hirsch HK's Motion to Dismiss for lack of personal jurisdiction and on the basis of *forum non conveniens* should be overruled in its entirety.

**II.    STATEMENT OF FACTS**

Hirsch USA is a New Jersey corporation in the business of selling customized marketing materials to clients in the United States. Hirsch HK is a Hong Kong Private Limited Company that acted as Hirsch's purchasing and manufacturing agent in Hong Kong from 2002 to May 2007, overseeing all aspects of the design, implementation, manufacture and shipment of the customized marketing materials for delivery to the United States. *See* Declaration of Elvira Hirsch ("Hirsch Decl."), ¶3.

The Direct Response Resource, Inc. ("DRR") ordered 15,000 Liquid Filled Notebooks from Hirsch USA. Upon receiving the order, Hirsch USA entered into an agreement with Hirsch HK in which Hirsch HK agreed to design, manufacture and ship 15,000 Liquid Filled Notebooks to Hirsch's client, DRR in Illinois, in exchange for monetary consideration. *See* Hirsch Decl., ¶5. On or about April 18, 2007, DRR specified via email that the 15,000 Liquid Filled Notebooks needed to contain a back cover that was glossy on both sides. Hirsch HK was aware of DRR's specification as it expressly agreed via email on April 19, 2007 to print back covers that were glossy on both sides. *See* Hirsch Decl., ¶¶8-9, Ex. 2-3. On April 6, 2007, Hirsch HK emailed Hirsch USA informing it that the pre-production sample had been sent, as requested, directly to DRR in Illinois. *See* Hirsch Decl., ¶7, Ex. 7. Indeed, Hirsch HK imprinted the entire order with the end users United States address. Hirsch Decl., ¶11.

On or about May 16, 2007, Hirsch USA entered into an agreement with Schenker, Inc. in which Schenker agreed to pick up the Liquid Filled Notebooks from Hirsch HK in Hong Kong and

deliver them to DRR in Illinois in exchange for monetary consideration. On May 31, 2007, Schenker delivered Hirsch HK's Liquid Filled Notebooks to DRR in Chicago, Illinois. But, when Hirsch HK's shipment arrived, several boxes were wet and crushed. In total, approximately 10% of the 15,000 Hirsch HK Liquid Filled Notebooks arrived in Illinois leaking or otherwise damaged or defective. Additionally, Hirsch HK did not produce the order as specified in the parties' agreement — none of the 15,000 Liquid Filled Notebooks contained a glossy back cover as ordered. See Third-Party Complaint ¶¶9-11.

On November 6, 2007, DRR filed a complaint against Hirsch USA for breach of contract and breach of warranty because Hirsch HK's Liquid Filled Notebooks arrived defective and were not delivered as specified, seeking over $200,000 in damages. *Id.* at ¶12. Accordingly, Hirsch filed a Third-Party Complaint for indemnity against Hirsch HK and Schenker. On April 22, 2008, Hirsch settled its claims with Schenker and as a result Schenker is no longer a party to the action.

Hirsch HK now brings this motion claiming that because it is a Hong Kong company, the court should dismiss the claims against it on the grounds of *forum non conveniens* and also because the court lacks personal jurisdiction over Hirsch HK. However, is clear that a Hong Kong company that knowingly places its products into the stream of commerce with knowledge that its product will end up in the forum state, is subject to personal jurisdiction in the forum. Moreover, when a United States resident selects a United States forum to adjudicate its claims, the forum selected is given deference and will not be disturbed unless the public and private factors clearly tip in favor of the foreign country.

There is no dispute that Hirsch HK knowingly placed its products into the stream of commerce in the United States and Illinois in particular and after balancing the public and private interests, the equities clearly tip in favor of having a United States citizen's claims tried in Illinois and not in Hong Kong.

**III.     ARGUMENT**

    **A.     This Court Has Personal Jurisdiction Over Hirsch HK**

Hirsch HK argues that this Court does not have personal jurisdiction over it because Hirsch HK does not have minimum contacts with the forum state. In order to determine whether a state court would have jurisdiction, the federal court must first examine whether the state's long arm statute allows jurisdiction, and then whether the assertion of jurisdiction complies with constitutional due process standards. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990), *cert. denied*, 499 U.S. 947 (1991). Under Illinois's long-arm statute, an Illinois state or federal court can exercise personal jurisdiction over a foreign defendant to the extent permitted by the Due Process Clause of the United States Constitution." 735 ILCS 5/2-209(c). Due process requires only that there be some minimum contacts between the party and the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *McGee v. International Life Ins. Co.*, 335 U.S. 220, 223 (1957) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts as prescribed by *International Shoe* may be established in two ways. First, general jurisdiction is established by demonstrating that a person's or corporation's contacts with the forum, although not related to the plaintiff's cause of action, are of a "continuous and systematic" nature. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Second, specific jurisdiction exists when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," and therefore "should reasonably anticipate being haled into court [in the forum State]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Both tests are met here.

> **1.     This Court Has Specific Jurisdiction Over Hirsch HK Because Hirsch HK Delivered its Products Into The Stream of Commerce Knowing That Its Goods Would Be Sold in Illinois**

"The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980). The Seventh Circuit has taken a broad view of the stream of commerce theory, holding that a distributor or manufacturer may reasonably anticipate being haled into court when it places goods into the stream of commerce with some knowledge that the distribution system used will result in the goods being sold in the forum state. *See Nelson*, 717 F.2d at 1126. Accordingly, under the Seventh Circuit's test, the critical factor is whether the defendant knows that the distribution system used to dispense its products is designed to bring its products into the forum state. *Id.* The court reasoned that the scope of the foreseeable market "is generally broader with respect to manufacturers and primary distributors of products who are at the start of a distribution system and who thereby serve, directly or indirectly, and derive economic benefit from a wider market. Such manufacturers and distributors purposely conduct their activities to make their product available for purchase in as many forums as possible." *Id.* at 1125-26.

Hirsch HK manufactures products for distribution by Hirsch USA, an American distributor, with the knowledge that Hirsch USA will offer these products for sale throughout the entire United States. Due process does not "'allow a wrongdoing manufacturer to insulate himself from the long arm of the courts by using an intermediary or by professing ignorance of the ultimate destination of his products.'" *Carr v. Pouilloux, S.A.,* 947 F. Supp. 393, 396 (C.D. Ill. 1996) (quoting *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1144 (7th Cir. 1975)). "Companies that engage in international commerce should not expect to use the national boundaries that they willingly cross in

- 5 -

exporting merchandise as a shield from liability." *Id.* Thus, Hirsch HK's conclusory statements that the court lacks personal jurisdiction over it because "the contract between Hirsch HK and Hirsch USA was performed in Hong Kong" does not hold water. Hirsch HK cannot credibly state (nor has it in its motion) that it was not aware of the fact that its products were for delivery to DRR in Illinois. As stated, Hirsch HK sent pre-production samples directly to Hirsch USA's client in Illinois.

*Nelson* is on all fours with the facts of this case. In *Nelson*, after a plaintiff was severely burned when a flannel shirt she was wearing ignited after contact with a lighter flame, she brought a products liability action against the retail seller of the flannel shirt, the retail seller's insurer, the retail seller's purchasing agent and the manufacturer. 717 F.2d at 1122. Like Hirsch HK, the purchasing agent and manufacturer in *Nelson* were both Hong Kong corporations who never had any physical presence in the forum state, and therefore moved to dismiss the action on the grounds that the court lacked personal jurisdiction. After the court found that both companies were subject to suit under the long-arm statute, the court held that the exercise of jurisdiction would not be inconsistent with due process because "they were aware they were indirectly serving and deriving economic benefits from the national retail market established by Woolworth, and they should reasonably anticipate being subject to suit in any form within that market where their product caused injury." *Id.* at 1126.

The same reasoning holds true here. Hirsch HK claims that it has no contact with Illinois that could subject it to jurisdiction. Despite Hirsch HK's contentions, however, Hirsch HK clearly knew that its products were going to end up in Illinois, and it derived significant economic benefit from the national market set up by Hirsch USA. Hirsch Decl., ¶4. It is therefore, foreseeable that Hirsch HK might be required to defend an action in Illinois state court. Such forseeability provides the necessary nexus between Hirsch HK's acts and the consequences set forth in the complaint to find that personal jurisdiction exists. Hirsch HK cannot reasonably argue that "traditional notions of

fair play and substantial justice have been offended." *World-Wide Volkswagen*, 444 U.S. at 297. Hirsch HK has engaged in abundant conduct in the forum giving rise to this Court's jurisdiction. Accordingly, its motion to dismiss should be denied.

> **B.    The Convenience of the Parties and the Interests of Justice Do Not Weigh in Favor of Trying the Case in Hong Kong**

Under the doctrine of *forum non conveniens*, a federal court can decline to exercise personal jurisdiction over a foreign defendant and therefore dismiss an action if it appears that the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Courts examine the following factors when deciding whether dismissal is proper under the doctrine of *forum non conveniens:* (1) the availability of an alternative and adequate forum; (2) the appropriate deference to be given to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors. *See id.* at 257. Accordingly, a party moving to dismiss on *forum non conveniens* grounds has the burden of demonstrating that there is an adequate alternative forum and that the balance of private and public interest factors, when weighed against the deference given to plaintiff's choice of forum, clearly point towards dismissal. *See Sinochem v. Malaysia International Shipping Corp.*, 127 S. Ct. 1184, 1190 (2007). Hirsch HK has failed to meet its burden here.

> **1.    Hong Kong is Not a Suitable Alternative Forum**

"An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997) (internal citations omitted).

Hirsch HK has not met its burden of demonstrating that Hirsch USA's action seeking indemnification from Hirsch HK can be brought in Hong Kong. Hirsch HK asserts that it is subject to jurisdiction in Hong Kong, but ignores the threshold question of whether Hirsch USA can even

- 7 -

bring an indemnity action in Hong Kong. Without such a showing, Hirsch HK cannot demonstrate that Hong Kong is a suitable alternate forum. *See Piper*, 454 U.S. at 254-55 (holding that the "interests of justice" militate against a stay or dismissal under forum non conveniens when the remedy provided by a foreign forum is "so clearly inadequate or unsatisfactory that it is no remedy at all"); *NHL Players' Ass'n v. Plymouth Whalers Hockey Club*, 166 F. Supp. 2d 1155, 1164 (E.D. Mich. 2001) (finding that Canada was not a suitable alternative forum for a plaintiff seeking an injunction under United States antitrust laws because Canadian competition law does not provide for injunctive relief).

Moreover, even assuming indemnity is available to Hirsch USA in a Hong Kong court, Hirsch HK has failed to demonstrate that Hirsch USA has standing to bring such a claim in Hong Kong. Hirsch HK asserts only that Hong Kong "unquestionably provides an adequate alternative forum." Third-Party Defendant Hirsch Bracelet (HK) Ltd.'s Memorandum of Law in Support of Its Motion to Dismiss ("Memo.") at 5. Nowhere in Hirsch HK's papers does it set forth whether Hirsch USA has standing in a Hong Kong court to bring a claim for indemnification based on an action pending in the United States.

Hirsch HK's argument that Hong Kong is a suitable alternative forum is rife with unanswered questions, and as such, it has failed to carry its burden to show that Hong Kong would be a suitable alternative forum for Hirsch to seek indemnity. Thus, as a matter of law, Hirsch HK's motion must fail.

### 2. Hirsch USA's Choice of Forum Is Entitled to Deference Here

There is "ordinarily a strong presumption in favor of the [U.S.] plaintiff's choice of forum." *Piper*, 454 U.S. 235 at 255. Unlike an American plaintiff, however, a foreign plaintiff's choice of forum is given less deference. *Wilson*, 916 F.2d at 1246. In either case, unless the private and public interest factors strongly favor trial in a foreign county, "plaintiff's choice of forum should

rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). "By definition the plaintiffs' choice must win if all other factors are equal." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F. 3d 1097, 1103 (11th Cir. 2004). Hirsch USA is a U.S. corporation and thus deserving of the strong deference normally given to a domestic plaintiff.

Hirsch HK claims that because Hirsch USA is a New Jersey resident and not a resident of Illinois, Hirsch USA's choice of forum is entitled to less deference. Hirsch HK is wrong. It appears that there is no other domestic jurisdiction other than Illinois where venue would be proper. 28 U.S.C. §1391(a). Thus, Hirsch USA is entitled to full deference as it filed its third-party complaint in Illinois in accordance with federal law and in consideration of the convenience of all parties involved. If Hirsch HK believes New Jersey is more convenient, then it can move to transfer there.

Regardless, even though Hirsch USA is not an Illinois resident, it is immaterial to the calculus: Hirsch USA is a citizen of the United States and "[t]here is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." *SME Racks*, 382 F.3d at 1104. Accordingly, Hirsch USA's choice of forum is entitled to substantial deference, and should be dispositive in the Court's analysis because, as set forth below, Hirsch HK fails to carry its burden to demonstrate that the balance of the public and private interest factors weights heavily in its favor. *See Gulf Oil*, 330 U.S. at 508.

### 3. The Private Interest Factors Favor A United States Forum

In the unlikely event that Hirsch HK can demonstrate that Hong Kong is a suitable alternate forum, it must also then demonstrate that the balance of the public and private interest factors weigh heavily in favor of its choice of Hong Kong as a forum. "The private interest factors courts look to are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; 3) the possibility

- 9 -

of viewing the premises, if view would be appropriate to the action; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Wilson,* 916 F.2d at 1246. None of the private interest factors weigh in favor of a dismissal of this action.

First, if the court dismisses this action, Hirsch, a United States citizen would encounter great hardship in litigating a case such a great distance from its home. Thus, any hardship on Hirsch HK for having to travel to the United States to defend this action, is outweighed by the hardship placed on Hirsch USA if it had to travel to Hong Kong.

Hirsch HK contends that "the bulk of the documentation and all of the relevant witnesses are in Hong Kong." Memo. at 8. Notably, Hirsch HK fails to identify any documentation or physical evidence that could not be obtained if the trial were conducted here. Indeed, the information Hirsch USA will need to see is stored in electronic form (as all communications regarding the order of Liquid Filled Notebooks took place via email), and can be easily transmitted to Illinois via electronic media. Transportation of this information will be no less inefficient then sending an email. The physical evidence – the liquid filled notebooks at issue -- in the case are entirely located in Illinois. The shipping company has already conducted an inspection in Illinois, rendering more evidence and witnesses present in the forum state. Likewise, Hirsch HK has not identified what particular witnesses will need to testify at trial. Moreover, any such witnesses are likely controlled by Hirsch HK, and Hirsch HK can prevail on these individuals to attend a deposition. *See SME Racks,* 382 F. 3d at 1103. Further, Hirsch USA is willing to take depositions of these potential witnesses in a location that is convenient to the witnesses, and is also willing to submit deposition transcripts at trial in lieu of live testimony if necessary. Any other witnesses (i.e. Hirsch USA, DRR, DRR's agent who received the notebooks in Illinois) are all located in Illinois or have submitted to jurisdiction in Illinois. Thus, any complaints by Hirsch HK that documentary evidence or witnesses will have trouble making it into the courtroom should be disregarded. *See Wilson*, 916 F. 2d at 1246**.**

Courts that have heard similar complaints in the past have rejected Hirsch HK's "the evidence is in Hong Kong" argument out of hand. In *Doe v. v. Sun Intern. Hotels, Ltd*, as here, Sun Hotels complained that access to evidence and witness in the Bahamas favored a Bahamian venue. 20 F. Supp. 2d 1328, 1330 (S.D. Fla. 1998). The *Doe* court rejected defendants' argument because all relevant documents and witnesses were controlled by Sun Hotels and thus could easily be accessed for trial. *Id.* In *Sun Trust Bank v. Sun International Hotels, Ltd.*, Sun Hotels again claimed that evidence and witnesses were in the Bahamas and hard to obtain. 184 F. Supp. 2d 1246, 1263-64 (S.D. Fla. 2001). The *Sun Trust Bank* court found no merit to the argument because documents could be easily transported and Sun Hotels controlled all the relevant witnesses. *Id.* As in *Sun Trust Bank*, this Court should reject blanket claims that evidence is inaccessible and find that "[d]efendants' concerns regarding the ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses and associated costs . . . are … not sufficiently weighty to disturb plaintiff's choice of forum." *Id.* at 1264.

The private interest factors weigh in favor of litigating this case in this forum.

### 4.     The Public Interest Factors Favor A United States Forum

The public interest factors courts consider include: 1) court congestion and jury duty generated by controversies having no relation to the forum; 2) trying cases in a forum that has a relation to the litigation; and 3) the difficulties of resolving conflict of law problems and applying foreign law. *Wilson*, 916 F.2d at 1246. None of these public interest factors weigh in favor of a Hong Kong forum.

Hirsch HK contends that "[b]ecause this Court would be called on to apply Hong Kong law, coupled with the action's burden on its docket and Illinois' citizens, a compelling Illinois interest is necessary. Here, there is none." Memo. at 6. As an initial matter, a single action before this Court will have little or no impact on court congestion. Moreover, Hirsch HK has provided no facts to

- 11 -

demonstrate that the Hong Kong courts are any less congested than the courts of Illinois. As a result, the court congestion factor does not favor the Hong Kong forum.

Second, the fact that foreign law may apply is a relevant concern, but cannot be given dispositive weight. *SME Racks*, 382 F. 3d at 1104. The Supreme Court has held that "this factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper*, 454 U.S. at 260 n.29. Regardless, even if the law of Hong Kong controlled, Hirsch HK has not established any "conflict" or "difficulty" associated with this Court applying Hong Kong law. In fact, federal courts are often called upon to apply the law of foreign jurisdictions. *See SME Racks*, 382 F. 3d at 1105 n. 11. Thus, the fact that Hong Kong law might apply cannot, in and of itself, serve to disturb Hirsch USA's choice of forum.

Moreover, Hirsch HK's explanation as to why Hong Kong law applies is inaccurate. Hirsch HK claims that the risk of loss passed to Hirsch USA's shipping agent, Schenker, in Hong Kong and therefore Hirsch HK fully performed the contract in Hong Kong. Memo. at 7. The mere fact that Hirsch HK was not the one that physically delivered the goods to DRR in Illinois, does determine when the contract was fully performed nor does it absolve Hirsch HK from liability for damages that resulted from manufacturing defects that occurred prior to shipping. "The Seventh Circuit has rejected the position that a manufacturer is absolved of all liability for a product once that product is transferred to a distributor for sale throughout the United States." *Carr*, 947 F. Supp. at 398. Here, the contract was performed in Illinois, as that was where the products were delivered.

Third, Hirsch HK goes on to argue that "Illinois has no interest in the resolution of this dispute…[because] [i]t is not Hirsch USA's home forum…[and] the action against Hirsch USA by DRR will most likely be dismissed before discovery between Hirsch HK and Hirsch USA begins." Memo. at 7. But, this case seeks indemnification from Hirsch HK for any sums Hirsch USA must pay to DRR. Therefore Illinois has an interest in this litigation flowing from any settlement that

- 12 -

might result from Illinois litigation. Moreover, inconsistent judgments could result if this related action was dismissed and had to be refilled in a foreign court.

Finally, Hirsch HK claims "Hong Kong has a strong local interest in having this localized controversy decided at home because the transaction between Hirsch USA and Hirsch HK was a Hong Kong transaction." Memo. at 8. Hirsch HK ignores the fact that the product at issue was delivered to Illinois, which is where the entire order at issue is now located. None of DRR's order remains in Hong Kong. If Hirsch HK was correct, then all products manufactured abroad and sold by United States distributors in the United States would amount to foreign transactions. That is clearly not the case.

Accordingly, the public interest factors weigh in favor of this Court maintaining jurisdiction.

**IV.   CONCLUSION**

For all the foregoing reasons, this Court should reject Hirsch HK's Motion to Dismiss in its entirety.


DATED:  June 9, 2008                              HIRSCH PRESENTATION SYSTEMS USA, INC.


                                                  /s/Alreen Haeggquist
                                                  One of Its Attorneys

                                                  Alreen Haeggquist
                                                  Haeggquist Law Group
                                                  501 West Broadway, Suite A-276
                                                  San Diego, CA 92101
                                                  Telephone: (619) 955-8218
                                                  Facsimile:  (619) 342-7878

                                                  Attorneys for Third-Party Plaintiff

## CERTIFICATE OF SERVICE

     I hereby certify that on June 9, 2008, I electronically filed the OPPOSITION TO THIRD-PARTY DEFENDANT HIRSCH BRACELET (HK) LTD.'S MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS AND FOR LACK OF PERSONAL JURISDICTION with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

(See attached service list)

DATED: June 9, 2008

                                       /s/Alreen Haeggquist

**SERVICE LIST**

Gary Steven Caplan
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606

Donald W. Devitt
Scopelitis Garvin Light & Hanson
30 W. Monroe Street, Suite 600
Chicago, IL 60603

James Daniel Ellman
Scopelitis, Garvin, Light & Hanson
30 West Monroe, Suite 600
Chicago, IL 60603

Stephanie A. Espinoza
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL 60606

Alreen Haeggquist
Haeggquist Law Group
501 W. Broadway, Suite A-276
San Diego, CA 92101

John M. Lambros
Law Office of John M. Lambros
65 Broadway, Suite 813
New York, NY 10006

Dennis Minichello
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606

Jordan B. Reich
Kohner, Mann & Kailas, S.C.
Washington Building
4650 North Port Washington Road
Barnabas Business Center
Milwaukee, WI 53212-1059

Adam Carl Smedstad
Scopelitis Garvin Light Hanson &
30 W. Monroe Street, Suite 600
Chicago, IL 60603

Stephen E. Vargo
Feary, Attorney at Law
77 West Washington, Suite 1620
Chicago, IL 60602