UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| _____ ) | Case No. 07 CV 6301 |
| THE DIRECT RESPONSE RESOURCE, ) | |
| INC., ) | |
| an Illinois Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **REPLY BRIEF OF HIRSCH** |
| **)** | **BRACELET (HK) LTD. IN** |
| ) | **SUPPORT OF ITS MOTION** |
| ) | **TO DISMISS** |
| vs. ) | |
| ) | |
| HIRSCH PRESENTATION SYSTEMS ) | |
| USA, INC., a New Jersey Corporation, ) | |
| ) | Hon. Ronald A. Guzman |
| Defendant and ) | |
| Third-Party Plaintiff ) | |
| vs. ) | |
| ) | |
| HIRSCH BRACELET (HK) LTD., ) | |
| a Hong Kong Private Limited Company, ) | |
| and SCHENKER, INC., a New York ) | |
| Corporation, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____) | |

## PRELIMINARY STATEMENT

The third-party complaint of Hirsch Presentation Systems USA, Inc. ("Hirsch USA") against Hirsch Bracelet (HK) Ltd. ("Hirsch HK") should be dismissed because Hong Kong is an adequate alternative forum that would be more convenient to the parties and because this Court lacks personal jurisdiction over Hirsch HK.

Hirsch USA's assertion that it may lack standing to seek indemnity in Hong Kong does not make Hong Kong an inadequate alternative forum.  It is well settled that a foreign forum is not inadequate even if it does not provide for the same remedy or cause of action as the United States forum.  Hong Kong is a commercial hub that is more than competent to adjudicate a breach of contract action.

Hirsch USA, *a New Jersey citizen*, alleges that the public interest factors weigh in its favor because only Illinois may properly exercise venue over this dispute.  Hirsch USA probably means that there is no other federal district where subject matter jurisdiction would be proper.  The amount in controversy in this action is approximately $1,440.

Hirsch USA incorrectly asserts that burdens on Illinois citizens, such as congestion of Illinois courts and the requirement of jury duty, are irrelevant because Hong Kong courts may also be congested.  This argument ignores the real inquiry: the economic impact on the United States forum.  Illinois cannot be expected to foot the bill for a $1,440 dispute between foreign citizens.

Hirsch USA further asserts that Illinois has an interest in this action because the goods were delivered to Illinois.  That might be the case if this were a tort case and the products caused personal or property damage in Illinois.  Instead, this is a contract case,

in which the contract was negotiated and formed outside of Illinois and any alleged breach occurred in Hong Kong.  Finally, Hong Kong has a compelling interest in regulating its companies and their commercial transactions.

Hirsch USA disputes that the private factors support the Hong Kong forum, but does not adequately explain its argument.  Hirsch USA correctly asserts that a good deal of correspondence is in electronic form and transferrable, but fails to address the fact that all of Hirsch HK's witnesses are in Hong Kong.  Moreover, to the extent that there is anything to Hirsch USA's allegation of improper manufacture, everything occurred in Hong Kong before the transfer of the goods to Schenker, and the Hong Kong premises would need to be viewed.  Finally, Hirsch USA's choice of forum is entitled to limited deference because it is a New Jersey citizen and its choice of Illinois is substantially outweighed by the foregoing considerations.

Hirsch USA's arguments in support of personal jurisdiction similarly confuse this case with a tort case.  Hirsch USA cites several tort cases and argues that "foreseeability provides the necessary nexus between Hirsch HK's acts and the consequences set forth in the complaint to find that personal jurisdiction exists."  Hirsch USA Br. 6.  If the liquid-filled notebooks caused personal injury or property damage, then haling Hirsch HK into Illinois arguably would not offend due process.  Illinois may indeed have a significant interest in such an action.  This case, however, concerns the alleged breach of a contract that was neither formed nor performed in Illinois.  Accordingly, the Illinois long-arm statute can only be satisfied if general jurisdiction can be exercised over Hirsch HK.  A couple of isolated transactions does not constitute the systematic business activity that would justify haling Hirsch HK into Illinois for any transaction it has entered into

anywhere in the world.  Because general jurisdiction is lacking under the long-arm

statute, this Court may not exercise personal jurisdiction over Hirsch HK.

**ARGUMENT**

     I.      THIS CASE SHOULD BE LITIGATED IN HONG KONG, IF

            ANYWHERE

      A.  Hong Kong is an Adequate Alternative Forum

     Hirsch USA asserts that Hong Kong is an inadequate alternative forum because

Hong Kong *may* not provide for indemnity; Hirsch USA has apparently not researched

this point. Indeed, it appears that indemnity is in fact available in Hong Kong.  *See*

*Karlitz v. Regent Intern. Hotels, Inc.*, 1997 WL 88291 *3 (S.D.N.Y. 1997) ("Defendant

would therefore have to commence a separate action for indemnity and contribution in

Hong Kong.")   More importantly, however, it is well settled that the remedy offered by

Hong Kong would need to be clearly unsatisfactory to make it an inadequate forum.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981).

> The other important point *Piper Aircraft* made was that a dismissal based
> on *forum non conveniens* that is otherwise appropriate should not
> ordinarily be rejected just because it would lead to a change in applicable
> law unfavorable to the plaintiff. 454 U.S. at 247, 254, 102 S. Ct. 252.
> Only if 'the remedy provided by the alternative forum is so clearly
> inadequate or unsatisfactory that it is no remedy at all' should the
> unfavorable change be given substantial-or even dispositive-weight.

*In re FACTOR VIII*, 484 F.3d 951, 955 (7th Cir. 2007)  (quoting *Piper* 454 U.S. at 254 n.

22.)

     Hirsch USA has not even attempted to show that the remedy available to it in

Hong Kong "is so clearly inadequate or unsatisfactory that it is no remedy at all."

Moreover, it has been unambiguously established that Hong Kong is an adequate

alternative forum for commercial disputes. *See Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (Hong Kong adequate alternate forum for business tort and defamation claims); *Turan v. Universal Plan Inv. Ltd.*, 70 F.Supp.2d 671 (E.D. La. 1999) (Hong Kong adequate for breach of contract and other claims); *Dragon Capital Partners v. Merrill Lynch Capital Services, Inc.*, 949 F.Supp 1123, 1129 (S.D.N.Y. 1997) (Hong Kong alternative forum for breach of contract and securities fraud action); *Capri Trading Corp. v. Bank Bumiputra Malaysia Berhad*, 812 F.Supp. 1041, 1043-44 (N.D. Cal. 1993) (Hong Kong adequate for R.I.C.O. action.).

Indeed, even if implied indemnity is unavailable in Hong Kong, Hirsch USA would hardly be left without a remedy. Consequential damages and implied contractual indemnity (which is a rarely used equitable doctrine) are largely indistinguishable in the context of a commercial sale of goods. An award of anything more than expectation damages would destroy the doctrine of the efficient breach. Thus, because Hong Kong law is adequate to resolve breach of contract actions and Hirsch HK is amenable to process, Hong Kong is an adequate alternative forum.

B. Public and Private Interest Factors Favor Hong Kong

Hirsch USA asserts that it "appears that there is no other domestic jurisdiction other than Illinois where venue would be proper." Hirsch USA Br. at 9 (citing 28 U.S.C. §1391(a).) Hirsch USA probably means that there is no other federal district where subject matter jurisdiction would be proper. The underlying sale was for approximately $16,000 worth of goods. Schenker damaged approximately 10% of the goods and has now settled with Hirsch USA. At most, therefore, Hirsch HK can be held liable for Hirsch USA's profit on goods worth $14,400. Assuming a generous 10% profit margin,

this case is at most worth $1,440—assuming the Court or a jury rejects all of Hirsch

HK's defenses on the merits, which they would not.  Accordingly, the only United States

court with subject matter jurisdiction over this action is a small claims court.[1]

Hirsch USA misses the point when it asserts that congestion of Illinois courts is

irrelevant because Hong Kong courts may also be congested.  The economic impact on

the United States forum controls the inquiry—e.g., jury duty for citizens and other costs

to the forum.  It is unreasonable for Illinois to foot the bill for what is at most a $1,440

dispute between foreign citizens.  Further, Hirsch USA effectively concedes that Hong

Kong law applies, which would burden this Court.  Third-party defendant Schenker was

responsible for accepting the goods in China and shipping them to Illinois, which is why

Hirsch USA sued Schenker.  Moreover, the Quotation reads: FOB Xiamen.  Hirsch HK

Memorandum, Wong Decl. Exh. 1.

Hirsch USA further asserts that Illinois has an interest in this action because the

goods were delivered to Illinois.  That might be the case if this were a tort case and the

products caused personal or property damage in Illinois.  Instead, this is a contract case,

in which the contract was negotiated and formed outside of Illinois and any alleged

breach occurred in Hong Kong.  Further, Hirsch USA inaccurately and repeatedly refers

to the allegedly inadequate gloss on the back covers of the liquid-filled notebooks as a

---

[1] No federal court could exercise subject matter jurisdiction over this $1,440 contract
dispute.  Moreover, Hirsch USA admits it has settled its claims with Schenker, Hirsch Br.
at 3, and Hirsch HK is informed that the main action between DRR and Hirsch USA has
been settled as well, leaving this $1,440 dispute as the only dispute before this Court.
Hirsch HK Memorandum of Law, Lambros Decl. ¶ 2.  In fact, Hirsch USA's opposition
brief not only fails to deny this, but also is utterly silent on the point.  In these
circumstances, the Court should decline to exercise supplemental jurisdiction because the
main action has been settled. 28 U.S.C. § 1367(a).  Finally, efforts to extra-judicially
resolve the dispute between Hirsch USA and Hirsch HK have thus far been unsuccessful.

"defect." There is nothing defective about the liquid-filled notebooks—they are still safe and functional liquid-filled notebooks. At most, Hirsch USA is alleging that the notebooks do not conform to the contract between it and Hirsch HK. Illinois has no interest in the formation and performance of this foreign contract, particularly now that DRR has settled with Hirsch USA.

This Court's need to apply Hong Kong law strongly supports adjudication of this action in Hong Kong. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). It is undisputed that Hong Kong law governs this action. Hirsch HK Opening Br. at 7. Hirsch USA alleges that it "entered into an agreement with Schenker in which Schenker agreed to pick up the Liquid Filled Notebooks from [Hirsch] HK in Hong Kong and deliver them to DRR in Illinois [and] Schenker agreed to insure the Liquid Filled Notebooks for any damage caused during transit." Third-Party Complaint ¶ 9. In addition, the Quotation states: "FOB Xiamen." Hirsch HK Memorandum of Law (Docket Entry No. 39); Wong Decl. Exh. 1. Accordingly, Hirsch HK fully performed its alleged contract with Hirsch USA in Hong Kong, and Hong Kong law governs this dispute. *See Windsor Indus., Inc. v. EACA Intern. Ltd.*, 548 F.Supp 635, 638 (E.D.N.Y. 1982). Finally, Hong Kong has a compelling interest in regulating its companies and their commercial transactions, which should not be ignored. *Gulf Oil*, 330 U.S. at 508-09.

Hirsch USA disputes that the private factors support the Hong Kong forum, but does not adequately explain its argument. Hirsch USA correctly asserts that a good deal of correspondence is in electronic form and transferrable, but fails to address the fact that all of Hirsch HK's witnesses are in Hong Kong. Hirsch USA's assertion that Hirsch HK

has failed to identify its witnesses is nonsensical. All of Hirsch HK's witnesses are in Hong Kong. For example, declarant Anita Wong is in Hong Kong. Further, central to Hirsch USA's claim is an alleged communication to Hong Kong about glossy back covers. The alleged recipients of this information are located in Hong Kong and are important to this dispute.

Moreover, to the extent that there is anything to Hirsch USA's allegations that the backs of the notebooks were not sufficiently glossy, the notebooks were manufactured in Hong Kong before they were transferred to Schenker, and the Hong Kong premises would need to be viewed. Further, Hirsch USA alleges a violation of the warranty of merchantability. If the liquid-filled notebooks are so defective as to not be not merchantable, then an inspection of Hirsch HK's facilities is all the more important.

Hirsch USA's choice of forum is entitled to limited deference because it is a New Jersey citizen and its choice of Illinois is substantially outweighed by the foregoing considerations. *In re FACTOR VIII*, 484 F.3d at 956. Moreover, Hirsch USA's United States citizenship is not dispositive. *See Lockman Found v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991); *Turan*, 70 F.Supp.2d at 677 ("The [U.S.] plaintiff's choice of forum is not, however, a private interest factor with dispositive weight.") (quoting *Piper Aircraft*, 454 U.S. at 257 n. 23); *Capri Trading*, 812 F.Supp. at 1043 n.1 ("The presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the grounds of *forum non conveniens*.")

Here, when one considers the compelling interest of Hong Kong with the negligible interest of Illinois in a dispute between a New Jersey citizen and a Hong Kong

citizen, the Court should exercise its broad discretion and dismiss this $1,440 dispute under the doctrine of *forum non conveniens*.

## II.　　THIS COURT LACKS PERSONAL JURISDICTION

Hirsch USA confuses this contract dispute with a tort action. Hirsch USA begins its analysis by citing a tort case, *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980). Hirsch USA cites to the tort cases to argue that because Hirsch HK placed the liquid-filled notebooks into the stream of commerce, with knowledge that they were headed for Illinois, "[i]t is therefore foreseeable that Hirsch HK might be required to defend an action in Illinois[.] Such foreseeability provides the necessary nexus between Hirsch HK's acts and the consequences set forth in the complaint to find that personal jurisdiction exits." Hirsch USA Br. at 6. Hirsch USA continues: "Hirsch HK cannot reasonably argue that 'traditional notions of fair play and substantial justice have been offended.'" *Id.* at 6-7 (quoting *World-wide Volkswagen*, 444 U.S. at 297).

If the liquid-filled notebooks were defective and caused injury, and Hirsch USA or DRR pleaded tort causes of action, the exercise of specific jurisdiction over Hirsch HK might not violate the Due Process Clause. This, however, is not such a case. It is a breach of contract case that Hirsch USA pretends is a tort action, which is evidenced by Hirsch USA's heavy and mistaken reliance on *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120 (7th Cir. 1983):

> *Nelson* is on all fours with the facts of this case. In *Nelson*, after a plaintiff was severely burned when a flannel shirt she was wearing ignited after contact with a lighter flame, she brought a products liability action against the retail store of the flannel shirt, the retail seller's insurer, the retail seller's purchasing agent and the manufacturer. Hirsch USA Br. at 6.

*Nelson* is a tort action that has nothing at all to do with the jurisdictional analysis in this contract dispute.  Here, the only alleged infirmity with the liquid-filled notebooks was that the back covers were not glossy on both sides.  Hirsch USA Br. at 3.  The only causes of action in the main complaint and the third-party complaint sound in contract.

Jurisdiction against Hirsch HK in this dispute is only proper if it satisfies the Illinois long-arm statute *as it relates to contracts*.  *See, e.g., Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990).  Specific jurisdiction would be appropriate if the breach of the contract arose out of Hirsch HK's contacts with Illinois.  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).  As discussed herein, however, the risk of loss passed in China—*i.e.*, Hirsch HK fully performed in Hong Kong, including manufacturing the notebooks with the allegedly non-glossy back covers.  Accordingly, any breach by Hirsch HK occurred in Hong Kong.  In addition, the parties formed any alleged contract with correspondence between Hong Kong and New Jersey.  Hirsch USA's proposed new standard that simple knowledge that goods are to be sold in a particular jurisdiction is sufficient to confer personal jurisdiction on the seller dramatically departs from existing law.  If Hirsch HK learned that the liquid-filled notebooks were going to be sold in all of the fifty states, it would hardly be amenable to suit in all of those forums for an alleged breach of contract that occurred in Hong Kong.

Thus, because there is no specific jurisdiction, jurisdiction against Hirsch HK in this matter is only possible if Hirsch HK's contacts with Illinois are

"continuous and systematic [and] extensive as make it fundamentally fair to require defendant to answer in any Illinois court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 906 (N.D.Ill. 2006) (internal citations and quotations omitted.)  As set forth in Hirsch HK's opening brief, Hirsch HK simply does not have such systematic and continuous contacts with Illinois and therefore is not subject to general jurisdiction.  Hirsch HK Opening Br. at 10.

Finally, Hirsch USA correctly states that the principals of Hirsch HK and Hirsch USA are cousins.  Unlike cousins, however, the companies are not at all legally related—as is evidenced by this litigation.  Thus, the activities of Hirsch USA have no bearing on whether Hirsch HK is subject to personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Hirsch HK respectfully requests that this Court dismiss the third-party complaint and award Hirsch HK all relief that is just and proper.

Dated:      June 23, 2008
              New York, New York

**LAW OFFICE OF JOHN M. LAMBROS**

By:    */s/ John M. Lambros*
        John M. Lambros (*pro hac vice*)

        65 Broadway, Ste. 813
        New York, NY  10006
        Telephone: (212) 430-6474
        Facsimile: (212) 208-2933
        John@Lambroslawfirm.com

**REED SMITH LLP**

By:    */s/ Gary S. Caplan*
        One of Its attorneys

        Gary S. Caplan (# 6198263)
        10 South Wacker Drive, 40th Floor
        Chicago, IL 60606
        (312) 207-1000
        (312) 207-6400 (FAX)
        gcaplan@reedsmith.com

*Attorneys for Third-Party Defendant*

<u>Certificate of Service</u>

I, John M. Lambros, certify that on June 23, 2008 I electronically filed this **Reply Brief of Hirsch Bracelet (HK) Ltd. in Support of its Motion to Dismiss** with the Clerk of the Court through the Electronic Case Filing system, which will notify all counsel of record of this filing.

                */s/ John M. Lambros*