# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6301 | **DATE** | 7/25/2008 |
| **CASE TITLE** | The Direct Response Resource, Inc. vs. Hirsch Presentation Systems USA, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court grants Hirsch Bracelet (HK) Ltd.'s ("HBHK") motion to dismiss for lack of personal jurisdiction and strikes as moot HBHK's motion to dismiss pursuant to the doctrine of forum non conveniens [38]. This case is hereby terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

"Three distinct obstacles to personal jurisdiction must generally be examined: 1) state statutory law, 2) state constitutional law, and 3) federal constitutional law." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). "Turning first to Illinois statutory law, the Illinois long-arm statute provides that an Illinois court "may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* (quoting 735 Ill. Comp. Stat. 5/2-209(c)). "Because the Illinois statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional inquiries-one state and one federal." *Id.* "Unfortunately, however, the Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *Id.* Thus, the Court addresses the federal constitutional issues.

"The Due Process Clause of the Fourteenth Amendment limits when a state may assert in personam jurisdiction over nonresident individuals and corporations." *RAR, Inc.*, 107 F.3d at 1277. "A defendant must have certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotations omitted). "What that standard means in a particular case depends on whether the state asserts 'general' or 'specific' jurisdiction." *Id.*

"General jurisdiction . . . is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). HBHK, a Hong Kong private limited company, does not maintain a place of business, advertise or have a designated agent for service of process, or any agent for that matter, in Illinois. Although during the past nine years, HBHK has sent five shipments of sample products and a commercial shipment to Illinois, this conduct alone is insufficient to hold that HBHK has continuous and systematic general business contacts with Illinois.

**STATEMENT**

"Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 n.8). "[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). "Rather, 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)). "[S]pecific jurisdiction is not appropriate merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 1278 (internal quotations omitted).

HBHK did not purposefully avail itself of the privilege of conducting activities in Illinois. Hirsch Presentation Systems USA, Inc. ("Hirsch USA"), a New Jersey corporation, asked HBHK for a quote for notebooks and HBHK sent Hirsch USA a quotation. Hirsch USA ultimately ordered 15,000 notebooks from HBHK. All negotiations between The Direct Response Resource, Inc. ("DRR"), the Illinois corporation that purchased the notebooks from Hirsch USA, and HBHK occurred through Hirsch USA. After HBHK manufactured the 15,000 notebooks, it delivered them to Hirsch USA's shipper, Schenker, Inc. in Hong Kong, as noted in the Purchase Order that stated that HBHK was to transport the notebooks from China to Hong Kong. HBHK's only contact with Illinois is that it sent a pre-production sample of notebooks to DRR in Illinois at Hirsch USA's request. The instant lawsuit, a indemnity/breach of implied warranty/breach of contract action (not a products-liability action . . . curiously, the cases on which Hirsch USA relies are products liability cases), does not directly arise out of HBHK's sending a pre-production sample of notebooks to DRR in Illinois, an incidental aspect of the transaction at issue. Rather, the action arises out of HBHK's conduct that occurred outside of the United States, *i.e.*, the manufacture of goods that were not as described in the parties' agreement (Third-Party Compl. ¶¶ 23, 33). Accordingly, the Court holds that it would offend notions of fair play and substantial justice to exercise personal jurisdiction over HBHK because HBHK could not have reasonably anticipated being haled into court in Illinois based on a single shipment of sample products. To easily avoid the result reached today in the future, the parties may implement forum selection clauses because personal jurisdiction is waivable, as noted in *RAR, Inc.*, 107 F.3d at 1280 and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985).

Accordingly, the Court grants HBHK's motion to dismiss for lack of personal jurisdiction and strikes as moot the motion to dismiss based on forum non conveniens. Because the controversy between Hirsch USA and HBHK is the only controversy remaining in this case, this case is hereby terminated.